LEWIS T. PERRY, EXECUTOR, v. ROSE E. PERRY ET AL.

(Filed 20 September, 1916.)

**1. Removal of Causes—Transfer of Causes—Executors and Administrators—Settlement of Estate—Executor's Petition.**

   ' An executor having qualified in the county where his testator died domiciled, properly filed his petition therein to have the facts found and the law applied relative to a bequest given him by the testator, and which is contested by some of the heirs at law, to the end that his executorship may be terminated and that he may be discharged from its duties: *Held,* the court may not order the action removed to another county as a matter of law.

**2. Removal of Causes—Transfer of Causes—Convenience—Discretionary Powers—Appeal and Error—Statutes.**

   . The discretionary power conferred on the trial judge to remove a cause to another county, "for the convenience of witnesses and to promote justice," is not reviewable on appeal in the Supreme Court. Revisal, sec. 525 (2).

APPEAL by defendants from *Cooke, J.,* at July Term, 1916, of WARREN.

*J. H. Kerr and Winston & Matthews for plaintiff.*

*Gillam & Davenport, Pruden & Pruden, and Murray Allen for defendants.*

CLARK, C. J.   This is an appeal from a refusal to remove the cause to another county.   Mark V. Perry died domiciled in Warren, and the plaintiff qualified as executor in that county and administered the estate. He has filed his petition as provided, Revisal, 150, in the Superior Court of Warren, against the legatees, devisees, heirs and next of kin, asking for an account and settlement of the estate committed to his charge. He alleges as a reason for doing so that, at the instance of the deceased and promises to recompense him, he abandoned his home in Bertie County and went to live with the deceased, who was his uncle, in Warren County; that in recognition of said obligation the deceased made a will in which he devised and bequeathed to the plaintiff a storehouse and lot and certain personal property in Raleigh; that subsequently his testator sold said property, receiving therefor $33,000 in North Carolina State bonds, which he put in a box in the bank, giving the key to the plaintiff, telling him to take the said bonds in lieu of the legacy which had been thus adeemed; that since the death of the testator a large number of devisees and legatees named in the will have agreed that the plaintiff should retain the sum of $16,500 in lieu of said bonds; that the plaintiff is anxious to close up his final account and be discharged, but owing to the opposition to this settlement by a few of the legatees and devisees named in the will, he is unable to make a final account and settlement and procure his final discharge till this matter is adjusted; that he has now in hand $29,000 of said bonds, which he is ready to convert into cash; that he has been notified by some of the legatees that they demand that the entire balance in his hands be distributed without reserving any part for himself either under the action of his testator in delivering the bonds to him as above set out, or in accordance with the agreement of all the other legatees and devisees agreeing to his retention of $16,500.   The plaintiff asks that the above matter be adjudicated, the facts found, and the law applied, to the end that he may have his final account approved, and be discharged.

This action might have been brought by a legatee, devisee, heir at law or next of kin, under Revisal, 129 or 144, or by any creditor under 104. In all these cases the action can be brought either in term or before the clerk, but in the county where the administration is taken out; which is true, also, as to this action.

The action has been brought in the proper county, and in the proper manner, and the judge did not err in refusing to remove it as a matter of law.   The motion to remove "for the convenience of witnesses and to promote the ends of justice," Revisal, 425 (2), rested in the discre-

tion of the judge, and is not reviewable. *Eames v. Armstrong,* 136 N. C., 392. Indeed, as the final settlement of the estate must depend largely upon the account and the vouchers filed in the Superior Court of Warren, that is not only the legal forum in which the cause should be tried, but the most convenient.

Affirmed.