## L. SOUTHERLAND, Jr., v. D. E. BROWN.

### (Filed 9 October, 1918.)

1. **Judgments—Contracts—Breach—Measure of Damages—Lumber.**

   In an action, with claim and delivery, for breach of contract and for possession of property, alleging that defendant was to receive $6 per thousand feet for lumber cut and "racked up" on the yard, with an additional $2 per thousand for hauling and loading it for shipment, the defendant alleging that the $6 were allowed as partial payments by installments, the verdict of the jury, upon the evidence, and under proper instructions, finding for the plaintiff, both as to the right of possession and the terms of the contract, entitles the defendant to receive only the $6 per thousand feet for cutting and "racking up" the lumber on the yard, and a judgment allowing him $8 per thousand feet therefor includes payment for services for hauling and loading the lumber for shipment, which he has not rendered, and to which he is not entitled.

2. **Appeal and Error—Records—Judgments—Admissions.**

   An admission stated in the judgment, appearing in the record of the case on appeal, is controlling.

3. **Courts—Discretion—Motions—Appeal and Error—Objections and Exceptions.**

   Objection that a verdict is against the greater weight of the evidence should be made upon motion, addressed to the sound discretion of the trial judge, to set it aside.

4. **Verdict—Findings.**

   The findings of the jury to the issues should be examined in connection with the pleadings, evidence, and the judge's charge, and in this case they are *Held* not to be conflicting, but sufficient to settle the rights of the parties.

**5. Costs—Possessory Action—Counterclaim—Damages—Appeal and Error.**
   In an action, with claim and delivery, for the possession of personal
   property, a counterclaim for damages raises an independent issue, as if a
   separate action had been brought; and where each party has recovered,
   such recoveries are distinct. and it is error in plaintiff's favor for the trial
   judge to divide all costs between the parties, except those of the claim and
   delivery proceedings, this not being a case where two amounts of money
   are recovered and the clear balance ascertained by deducting one from the
   other, but where personal property is recovered in the one case and money
   in the other.

ACTION tried before *Calvert, J.,* and a jury, at March Term, 1918, of
DUPLIN.

Plaintiff brought this action to obtain the possession of 117,570 feet
of lumber which was manufactured by the defendant at his mill under
contract with the plaintiff, who caused claim and delivery process to be
issued, under which the 117,500 feet of lumber was seized and delivered
by the sheriff to him, the defendant not having replevied the same. The
defendant pleaded specially that the plaintiff was indebted to him under
the lumber contract in the sum of $543.66. The real difference between
the parties consists in the construction of their contract, and the point of
controversy is whether the plaintiff should pay $8 or $6 per thousand
feet for the lumber—not the 117,570 feet merely, but the 454,927 feet,
the quantity that was cut. The plaintiff alleged that defendant had
broken the contract, and for that reason he had seized the 117,570 feet
of lumber on the defendant's mill yard.

The jury returned the following verdict:

1. Did the plaintiff and defendant enter into a contract with refer-
ence to the Newton timber, as alleged by the plaintiff, L. Southerland,
Jr.? Answer: Yes.

2. If so, did the defendant, D. E. Brown, breach his contract, as
alleged by the plaintiff? Answer: Yes.

3. What damage, if any, is the plaintiff entitled to recover of the de-
fendant by reason of such breach of contract? Answer: $150.

4. Did the plaintiff and defendant enter into a contract with reference
to the Newton timber, as alleged by the defendant, D. E. Brown?
Answer: No.

5. If so, did the plaintiff, L. Southerland, Jr., breach his contract, as
alleged by the defendant? (No answer.)

6. What amount, if anything, does the plaintiff owe to the defendant
on account of the tally keeper and discount on the note of $152.37?
Answer: $1.55 on note.

7. Is the plaintiff the owner and entitled to the immediate possession
of the lumber described in the complaint? Answer: Yes.

8. What was the fair market value of the said lumber at the time of

the seizure? Answer: $11 per thousand; 117,570 feet, value $1,293.27.

9. Did the plaintiff, L. Southerland, Jr., remove from the mill yard any lumber belonging to the defendant, as alleged in paragraph 10 of his answer, and, if so, what was its value? Answer: 1,500 feet, worth $16.50.

10. What amount of lumber did the defendant cut from the timber described in the Newton deed? Answer: 454,927 feet.

11. What amount of money has plaintiff paid to defendant on account of the cutting of said timber? Answer: $2,963.31.

Judgment upon the verdict, and both parties appealed.

*Stevens & Beasley for plaintiff.*
*H. D. Williams and George R. Ward for defendant.*

WALKER, J., after stating the case as above: The plaintiff assigns two errors: First, that the court allowed the defendant $8 instead of $6 per thousand feet for the lumber; and, second, that the court charged him with one-half of the costs, exclusive of the costs in the claim and delivery proceeding.

As to the charge for the lumber, we are of the opinion that defendant was entitled only to $6 per thousand feet. The contract provided that this amount should be paid, that is, $6 per thousand feet, when the lumber was manufactured and "racked up" on the yard, and that the remaining $2 per thousand feet should be paid for hauling and loading on cars at Teacheys, N. C., for shipment to Willard, N. C. This was the plaintiff's contention, the defendant's being that the $2 was to be paid promptly upon delivery of the lumber at the place appointed for the purpose. The jury have found that the contract was as alleged by the plaintiff, as they have answered the first issue "Yes" and the fourth issue "No."

The court allowed the defendant $8, which included the $2 per thousand feet for the lumber, which plaintiff says was erroneous, and this is his first exception, which should be sustained. If plaintiff was right as to the terms of the contract, it is evident that the $2 was allowed for the cost and expense of hauling and loading the lumber, and as the defendant did not perform this service he is not entitled to compensation for it. His failure to complete his part of the contract, among other things, by hauling and loading the lumber, was the reason for issuing the claim and delivery. But even according to defendant's own construction, if the $2 per thousand feet was merely a stipulation for that amount to be paid as an installment of the price at a specified time, or upon the happening of a specified event, and it was not intended as the exact amount to be paid for the hauling and loading on the cars, the event did not occur; for defendant never hauled or loaded all of the lumber, as he agreed to do.

If he was prevented from doing so, or from performing his part of the contract, by the act of defendant, he should have proved his damages, because he was at no expense for hauling and loading a part of the lumber, and could not recover anything for what he did not do. The jury have found, under the instructions of the court, supported by evidence, that the defendant committed a breach of the contract, and that plaintiff owned the lumber on the yard and was justified in taking it under the process of court. But in the judgment it is stated to have been admitted by the parties that the $2 additional was the price for hauling and loading the lumber, and this defendant did not do. The record controls, and this is settled. *Farmer v. Willard,* 75 N. C., 401; *Threadgill v. Commissioners,* 116 N. C., 616; *S. v. Carlton,* 107 N. C., 956, and cases cited.

We will consider plaintiff's second exception, as to costs, hereafter.

The defendant's exceptions as to the first three issues are not tenable. There was evidence for the consideration of the jury—not very strong, perhaps, but still enough for the jury—upon these issues. If the verdict was against the weight of the evidence, the remedy was by motion to the judge to set the verdict aside, which was a matter within his sound discretion, and not reviewable here. We do not see that there is any necessary conflict between the findings on the issues. They can be reconciled if examined in connection with the pleadings, the evidence, and the judge's charge, and are sufficient, as they stand, to settle the rights of the parties.

We do not think the claim of a lien on the lumber is pleaded so as to enable us to pass upon it, even if, under the facts, the defendant had such a lien, which we do not decide. This is not like the case of *Huntsman v. Lumber Co.,* 122 N. C., 583.

As to the costs. The court divided all costs, except those in the claim and delivery proceeding, between the parties. This he had no power to do, and, as defendant has excepted to it, we must reverse that part of the judgment. The plaintiff denied that he owed the defendant, as alleged in the latter's counterclaim, and defendant recovered upon this issue. It was an independent issue and was the same as if he had brought a separate action for the amount of his claim. This appears from the manner in which the case was tried and the judgments were rendered, one of which was given for the plaintiff in the claim and delivery, and the other for the defendant upon his counterclaim, the two being treated as separate and distinct causes of action. It is not like a claim for a money judgment and a counterclaim of the same kind, in which the smaller amount recovered will be deducted from the larger and judgment given for the difference to the party entitled to it. Here the plaintiff got a judgment for specific personal property, and the defendant a judgment for money. The later cannot be deducted from the former, as it is im-

possible, in the nature of things, to do so. Plaintiff will seize and take the property into his possession, while defendant will get his money by execution and levy upon any property of the plaintiff. The recoveries, therefore, are distinct.

The judgment will therefore be modified in two respects:

1. By striking out the allowance of the $2 per thousand feet of lumber and allowing the defendant only $6 in all per thousand feet of lumber.

2. By taxing all costs of the counterclaim against the plaintiff, or all costs, apart from those pertaining to the action for the property and the claim and delivery proceedings, in which the plaintiff recovered a judgment, and, as thus modified, the judgment will be affirmed.

Costs of this Court divided equally between the parties.

Modified.