M. M. RITCHIE v. MRS. G. G. RITCHIE ET AL.

(Filed 17 November, 1926.)

**1. Judgments—Contracts—Vendor and Purchaser—Counterclaims.**

Where, in an action for a money demand for goods sold and delivered, brought in the court of a justice of the peace and tried on appeal in the Superior Court, wherein defendant recovered upon his counterclaim set up by way of answer, a less sum than that ascertained to be due by him to plaintiff, the judgment awarding the plaintiff the difference so found is correct.

**2. Same—Courts—Appeal—Costs—Statutes.**

On an appeal from the court of a justice of the peace to the Superior Court, the trial in the Superior Court is *de novo*, and its costs in both courts are required by the statutes applicable to be taxed against the unsuccessful party, or, as in this case upon a judgment in plaintiff's favor for the difference between the amount of her demand over that allowed upon defendant's counterclaim set up by way of answer. C. S., 661, 1256.

CIVIL ACTION, before *Stack, J.,* and a jury, at February Term, 1926, of STANLY.

The plaintiff brought a suit against the defendants in a court of the justice of the peace, alleging that the defendants were indebted to him in the sum of $143.19. The defendants denied the indebtedness to the plaintiff and set up a counterclaim against the plaintiff for $227.67 for lumber sold and delivered by the defendants to the plaintiff. The judgment of the justice of the peace recites that the defendants were indebted to the plaintiff in the sum of $143.19, and that the plaintiff

was indebted to the defendants upon their counterclaim in the sum of $160.49, and thereupon rendered judgment against the plaintiff for the difference, to wit, the sum of $17.30. Whereupon, the plaintiff appealed to the Superior Court. The defendants did not appeal. The case was tried upon issues directed to the claim of plaintiff and the counterclaim of defendants. By consent of the parties the issue in favor of plaintiff was answered $143.19 with interest, and the issue upon defendant's counterclaim was answered by the jury awarding the defendants $132.86 with interest upon their counterclaim.

The portion of the judgment pertinent to this appeal is as follows: "It appearing from the answers to the above issues by the jury that the amount due the plaintiff on his account sued on in this action is $143.19, which was admitted by the defendants, and that the amount due the defendants by the plaintiff on their counterclaim set up in their answer is $132.86, and that the defendants are indebted to the sum of $10.33, the difference between the plaintiff's claim sued on and admitted by the defendants, and the defendants' counterclaim allowed by the jury, as shown in issue No. 2 above.

"It is thereupon ordered, decreed and adjudged that the plaintiff recover and have judgment against the defendants for and in the sum of $10.33, with interest from 5 May, 1922, until paid.

"It is further ordered and adjudged that the plaintiff pay one-half of the cost incurred in the justice's court and that the defendants pay the other half of the cost incurred in the justice's court.

"It is further ordered and adjudged that the plaintiff pay the cost incurred in the Superior Court, to be taxed by the clerk of this court."

From the judgment so rendered the plaintiff appealed to the Supreme Court.

*W. L. Mann for plaintiff.*
*R. L. Smith & Son and J. R. Price for defendants.*

BROGDEN, J. The defendants alleged as a basis of their counterclaim against the plaintiff that they had sold and delivered to him certain lumber at the price of $20.00 per thousand for the rough lumber and $25.00 per thousand for the better grades. The defendants offered evidence tending to show that the lumber was delivered to the plaintiff, and that it was stacked up by him upon the mill yard, and that he accepted it, and that no notice was given defendants that the lumber was not according to contract until after the lumber plant of plaintiff had been destroyed.

There was also evidence to the effect that the plaintiff had designated where the lumber should be unloaded and stacked, and that plaintiff had sold part of the lumber to certain parties and appropriated the proceeds thereof to his own use. The plaintiff contended that the lumber was stacked up by him in order to get it out of his way, and that he had refused to accept it because it was not of the grade specified in the contract of purchase.

The trial judge permitted evidence as to the market value of the lumber over plaintiff's objection, the plaintiff contending that there was an express contract between the parties, and therefore no evidence was admissible tending to show the market value of the property at the time it was delivered.

The trial judge charged the jury in substance, that if the jury found by the greater weight of evidence that the defendants delivered the lumber to the plaintiff at his plant, and that the plaintiff received it and accepted it and kept it, that the law would imply that he should pay its reasonable market value, whether it was according to the contract or not. The court further charged the jury in substance that if the jury should find from the greater weight of the evidence that the lumber was delivered to the plaintiff, and that he designated a place where it should be placed, stacked it up and counted it, and sold part of it and kept the proceeds of the sale and applied the same to his own use, that this would constitute an acceptance of the lumber and render the plaintiff liable for the value of the lumber received.

The principles of law thus declared are correct. *Brown v. Morris*, 83 N. C., 251; *Simpson v. R. R.*, 112 N. C., 703; *McCurry v. Purgason*, 170 N. C., 463.

The principal exception relied upon by the plaintiff, and the one urged in the oral argument, was to that portion of the judgment taxing the costs in the Superior Court against the plaintiff and one-half the costs incurred in the court of the justice of the peace.

C. S., 661, provides that when the return of an appeal from a court of the justice of the peace is made to the Superior Court, that the clerk of the appellate court shall docket the case for a new trial of the whole matter. Hence when the plaintiff appealed from the judgment of the justice of the peace and the appeal was duly docketed, the cause should have been tried in the Superior Court *de novo*.

C. S., 1256, provides: "On an appeal from a justice of the peace to a Superior Court . . . if the appellant recovers judgment in the appellate court, he shall recover the costs of the appellate court and those he ought to have recovered below had the judgment of that court been correct, and also restitution of any costs of any court appealed from which he has paid under the erroneous judgment of such court."

Costs are entirely creatures of legislation and constitute an incident of the judgment. *Williams v. Hughes,* 139 N. C., 17; *Waldo v. Wilson,* 177 N. C., 461.

In *S. v. Horn,* 119 N. C., 853, *Clark, J.,* says: "There is no exception in State cases to the rule prevailing in civil cases that the costs follow the result of the final judgment." The true and only test of liability for costs depends upon the nature of the final judgment, and the party cast in the suit is the one upon whom the costs must fall. *Kincaid v. Graham,* 92 N. C., 154; *Williams v. Hughes,* 139 N. C., 17; *Smith v. R. R.,* 148 N. C., 334; *Cotton Mills v. Hosiery Mills,* 154 N. C., 462. In equitable proceedings costs are in the discretion of the court. *Yates v. Yates,* 170 N. C., 535; *Hare v. Hare,* 183 N. C., 421. But this case is not an equitable proceeding, and the costs must follow the final judgment.

The defendants rely upon the case of *Southerland v. Brown,* 176 N. C., 187. In that case the plaintiff recovered judgment for specific personal property, and the defendant a judgment for $1.55 in money. *Justice Walker* says: "The latter cannot be deducted from the former, as it is impossible, in the nature of things, to do so. Plaintiff will seize and take the property into his possession, while the defendant will get his money by execution and levy upon any property of plaintiff. The recoveries therefore are distinct."

*Justice Walker* says further: "It is not like a claim for a money judgment and a counterclaim of the same kind, in which the smaller amount recovered would be deducted from the larger and judgment given for the difference to the party entitled to it."

Therefore, the case of *Southerland v. Brown, supra,* supports the contention of the plaintiff, for this present case is a claim for a money demand, and the counterclaim is of the same kind, and the smaller amount recovered is deducted in the judgment from the larger amount, and judgment given for the difference to the party entitled to it. Hence the recoveries are not distinct, but both recoveries are based solely upon money demands between the parties, and the plaintiff, having recovered upon such demands a final judgment for the difference, is entitled to recover the entire costs under the statute and the decisions of this Court.

The judgment will be modified to the extent of taxing the defendants with all court costs, and with this modification the judgment is

Modified and affirmed.