WESTERN CAROLINA POWER COMPANY v. L. F. KLUTZ ET AL.

(Filed 12 December, 1928.)

**1. Appeal and Error—Review—Discretionary Order of Judge Changing Venue Not Reviewable.**

The transfer of a cause from the court of one county to another in the discretion of the trial judge for the convenience of witnesses and to promote justice, C. S., 470, is not reviewable on appeal to the Supreme Court.

**2. Venue—Changing Venue—Discretionary Power of Judge to Change Venue.**

When the trial judge in the proper exercise of his discretion under C. S., 470, has transferred a cause from one county to another for trial, the question of his ultimate purpose to consolidate the cause with other like cases does not arise on appeal to the Supreme Court.

APPEAL by plaintiff from *Schenck, J.,* at Yadkinville, 16 May, 1928, from ALEXANDER.

Special proceeding instituted in the Superior Court of Alexander County to condemn land for the development of hydroelectric plant.

The cause was removed to Catawba County for trial, upon motion of counsel for respondents, the same being allowed by the court "in the exercise of its sound discretion, and by virtue of the authority vested in it by C. S., 470," as set out in the judgment.

Petitioner appeals, assigning error, in that the only purpose for removing said proceeding, either alleged or found by the court, was to permit a subsequent consolidation and trial with three other condemnation proceedings pending in the Superior Court of Catawba County, with respect to land on the opposite bank of the same stream, which petitioner alleges would be an improper consolidation.

*J. H. Burke, R. S. Hutchison and W. S. O'B. Robinson, Jr.,* for petitioner.

*Clyde Hoey and Manning & Manning* for respondents.

STACY, C. J. Even if it be conceded that the present proceeding cannot properly be consolidated for trial with the three other condemnation proceedings pending in the Superior Court of Catawba County as petitioner alleges—which question is not presented and therefore not decided—still the motion to remove, on the grounds stated, "for the convenience of witnesses and to promote the ends of justice," C. S., 470, rests in the sound discretion of the trial court, and is not reviewable on appeal. *Perry v. Perry,* 172 N. C., 62, 89 S. E., 999; *Byrd v. Spruce Co.,* 170 N. C., 429, 87 S. E., 241; *Garrett v. Bear,* 144 N. C., 23, 56 S. E., 479.

Affirmed.