J. M. NICHOLS, ADMINISTRATOR OF THE ESTATE OF ALLEN NICHOLS, DECEASED, v. J. M. GOLDSTON, TRADING AND DOING BUSINESS AS GOLDSTON MOTOR EXPRESS,

and

OLA P. HIX, ADMINISTRATRIX OF THE ESTATE OF DAVIS JEFFERSON HIX, v. J. M. GOLDSTON, TRADING AND DOING BUSINESS AS GOLDSTON MOTOR EXPRESS.

(Filed 22 March, 1950.)

**1. Venue § 4b—**

While in the exercise of its discretionary power to remove a cause for the convenience of witnesses and to promote the ends of justice, the trial judge has no authority to impose upon movant an obligation for which he is not legally liable, the court may incorporate in the order of removal, with movant's consent, provision that movant pay the reasonable costs of transporting the witnesses of the adverse party when the court is of opinion that removal, even though required for the convenience of witnesses, would not promote the ends of justice unless movant should pay such expense. G.S. 1-83 (2).

**2. Costs § 5—**

A provision in an order for removal that movant should pay "costs" of transporting the witnesses of the adverse party, *held* to mean "expense," since such "costs" are no part of the costs of the action. G.S. 6-1.

**3. Judgment § 3½ —**

Where agreement of defendant movant to pay the costs of transporting the adverse party's witnesses is incorporated in an order removing the cause to another county for the convenience of witnesses, plaintiff may recover upon the contract in an independent action, since such agreement is an independent obligation between the parties, or at least between the defendant and the court for the benefit of plaintiff, upon which he is entitled to sue.

APPEAL by defendant from *Rudisill, J.,* at January Term, 1950, of WILKES.

Two civil actions for recovery of transportation costs on alleged contracts pursuant to order of court in former actions between the same parties,—heard upon demurrers to complaints of plaintiffs,—consolidated for purposes of this appeal.

The complaints in the two actions are identical, except as to names and amounts, and the demurrers are identical. So, for brevity, reference will be made only to complaint in the *Nichols* case.

In this, the *Nichols case,* plaintiffs allege substantially these pertinent facts:

(1) That in year 1945 plaintiff, a resident of Wilkes County, North Carolina, and duly qualified administrator of Allen Nichols, deceased, instituted an action in Superior Court of said County, to recover of defendants damages for alleged wrongful death of Allen Nichols in said year as result of a truck wreck in Rockingham County, North Carolina; and in apt time defendant came into court and filed a motion for the removal of the action from Wilkes County to Rockingham County, North Carolina, for trial;

(2) That when the motion came on for hearing, and was heard, the judge of Superior Court signed an order that the action be removed to Rockingham County for trial, "provided the defendant would enter into a contract by the terms of which he would pay the costs of the transportation for the plaintiff's witnesses in Wilkes County, including the plaintiff, to and from Wentworth, N. C., for the purpose of their appearance at the time of the trial of the case, said stipulation and provision being set out in said order signed by a judge of the Superior Court, a copy of which order" is attached to and made a part of the complaint. The copy of the order reads:

"This cause coming on to be heard and being heard upon defendant's motion to move the cause from Wilkes County to Guilford County or to Rockingham County for the purpose of trial, for the convenience of witnesses and promotion of justice, and the Court being of the opinion that the convenience of witnesses and promotion of justice reasonably require the cause to be moved:

"IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED, that in the Court's discretion, the cause be and is hereby removed from Wilkes County to Rockingham County for the purpose of trial.

"IT IS FURTHER ORDERED that the defendant pay such reasonable costs for transportation of the plaintiff's witnesses in Wilkes County, including the plaintiff, to and from Wentworth, N. C., for the purpose of their appearance at the time of the trial.

"This provision was agreed to by the defendant at the time of the hearing of the motion. It was made to appear to the Court that the plaintiff would be greatly handicapped in procuring transportation for witnesses to points other than Wilkesboro. The Court, thereupon, suggested to the defendant as a condition of the removal that the defendant pay the cost of the transportaion of the witnesses, which proposal the defendant agreed to."

And plaintiff further alleged:

"3. That the defendant, through his employes and agent and attorney of record, entered into said agreement and by the terms of same agreed

Nichols *v.* Goldston and Hix *v.* Goldston.

to pay for the transportation of the plaintiff's witnesses from Wilkes County to Rockingham County for their appearance at the time of the trial, and that said order recites that the defendant agreed to do this, and relying on this agreement the Judge then signed the order for removal.

"4. That under the terms of the agreement the defendant was to pay for the transportation of the plaintiff's witnesses and for the transportation of the plaintiff himself, to and from Wilkes County, N. C., to Rockingham County, N. C., for their appearance at the time of the trial.

"5. That the cases were tried in Rockingham County and subsequent to the trial the plaintiff has furnished to the defendant, or his employee and attorney of record, verified statements of the amount of the expenses of transportation for himself and his witnesses, which amounts to the aggregate total of $565.64 and that the defendant has failed and refused to pay said amount under his agreement and contract, and now fails and refuses to pay the said amount.

"6. That under the terms of the contract the defendant is justly indebted to this plaintiff in the sum of $565.64 etc."

Defendant demurred to the complaint "on the grounds that the complaint does not state a cause of action against the defendant,—it appearing upon the face of the complaint that the remedy, if any, of the plaintiff for and on account of the matters and things mentioned in the complaint is by motion in the cause in the suit which was instituted in the Superior Court of Wilkes County to recover for the alleged wrongful death of the plaintiff's intestate, which suit was later removed to the Superior Court of Rockingham for trial."

The demurrer was heard in due course of procedure and was overruled. Defendant objected and excepted, and appeals to Supreme Court, assigning error.

*Trivette, Holshouser & Mitchell and Hayes & Hayes for plaintiffs, appellees.*

*Welch Jordan for defendant, appellant.*

Winborne, J.  The defendant, appellant, challenges here the correctness of the judgment overruling his demurrer, solely upon the ground that on the facts alleged in the complaint, accepted as true for purpose of considering the demurrer, plaintiff's remedy is by motion in the cause in the former action, and not by this independent action.

No direct authority is cited by the defendant to sustain his position. The authorities cited are distinguishable in factual situations. But in the light of the authority of the judge, and of the relative legal rights of the parties, at the time and under the circumstances alleged, in respect to the provisions of the order of removal, we are of opinion that an

independent contract was created between the parties, or at least between the defendant and the court for the benefit of plaintiff, on which plaintiff may maintain an independent action.

The court was called upon to pass on defendant's motion for the removal of the action from the Superior Court of Wilkes County, a proper venue, to, and for trial in the Superior Court of Rockingham County or of Guilford County, for the convenience of witnesses, and that the ends of justice be promoted. G.S. 1-83 (2). Such a motion is addressed to the legal discretion of the trial judge. See *Belding v. Archer,* 131 N.C. 287, 42 S.E. 800; *Eames v. Armstrong,* 136 N.C. 392, 48 S.E. 769; *Oettinger v. Stock Co.,* 170 N.C. 152, 86 S.E. 957; *Craven v. Munger,* 170 N.C. 424, 87 S.E. 216; *Causey v. Morris,* 195 N.C. 532, 142 S.E. 783; *Power Co. v. Klutz,* 196 N.C. 358, 145 S.E. 681. But in the exercise of such discretion the trial judge was without authority to impose upon a party to the action, in the absence of his consent thereto, an obligation for which he was not then legally liable. In other words, the function of the judge was to determine, in his discretion, whether the convenience of witnesses and the promotion of justice required the removal of the action to some other county. And the order, made part of the complaint, clearly indicates that while the judge was of opinion that the convenience of witnesses required the removal of the action to Rockingham County, it is equally clear that the judge was of opinion that even so the ends of justice would not be promoted thereby, unless the defendant should pay the reasonable cost of transporting plaintiff and his witnesses to and from Rockingham County for the purpose of their appearance at the time of the trial of the action.

Patently the word "cost," appearing in the order, was used in the sense of "expense" of providing transportation for plaintiff and his witnesses to and from the place of trial of the action. Such cost of transportation was and is not "costs" incident to the action, for which defendant would become liable in the event the judgment was against him. Costs incident to the action, or costs of the action are "entirely creatures of legislation and constitute an incident of the judgment,"—and the liability for such costs depends upon the nature of the final judgment, and the party cast in the suit is the one upon whom the costs must fall. G.S. 6-1. *Ritchie v. Ritchie,* 192 N.C. 538, 135 S.E. 458, and cases cited. And there was and is no statute in this State pertaining to the cost of transporting a party and his witnesses as "costs" in the sense of costs of the action for which the losing party may be liable.

So, when the defendant acceded to the suggestion of the judge, that as a condition for the removal he, the defendant, agree to pay the cost of transporting plaintiff and his witnesses, defendant assumed an independent obligation to plaintiff, or for his benefit. And if only for his

benefit, still he may sue on it. *Boone v. Boone,* 217 N.C. 722, 9 S.E. 2d 383, and cases cited.

For reasons here stated both judgments from which appeal is taken are Affirmed.