BOBBY VESTAL LOWE AND BETTY F. LOWE v. SAMUEL INGHAM TARBLE AND ARA SERVICES, INC.

No. 28PA84

(Filed 7 May 1985)

1. **Constitutional Law § 23.4; Insurance § 110.1— prejudgment interest—due process not violated**

    G.S. 24-5 does not violate the due process clause of the U. S. Constitution because the General Assembly had a reasonable basis for enacting the statute, the legislation is not arbitrary, and it is substantially related to legislative goals.

2. **Constitutional Law § 23.4; Insurance § 110.1— prejudgment interest—no violation of law of the land clause**

    G.S. 24-5 does not violate Art. I, § 19 of the Constitution of the State of North Carolina because it has a reasonable basis in relation to the public good likely to result from it.

3. **Insurance § 110.1— prejudgment interest—insurer liable**

    Prejudgment interest provided for by G.S. 24-5 was a cost within the meaning of the contract which the insurer was obligated to pay. G.S. 24-7.

    Justice MEYER dissenting.

    Justice MITCHELL joins in the dissenting opinion.

ON rehearing of the decision of this Court reported at 312 N.C. 467, 323 S.E. 2d 19 (1984), affirming judgment entered 20 September 1983 by *Mills, J.*, in Superior Court, RANDOLPH County. By order dated 30 January 1985 this Court allowed defendants' petition for rehearing for the consideration of two issues: (1) whether N.C.G.S. 24-5 violates defendants' rights to substantive due process and (2) whether by contract or statute insurance carriers are liable for prejudgment interest allowed in judgments against their insureds. Heard in the Supreme Court 9 April 1985.

*Brackett and Sitton, by William L. Sitton, Jr., for plaintiff appellees.*

*Henson, Henson & Bayliss, by Perry C. Henson and Paul D. Coates, for defendant appellants.*

*Battle, Winslow, Scott & Wiley, P.A., by Marshall A. Gallop, Jr., for North Carolina Association of Defense Attorneys, amicus curiae.*

MARTIN, Justice.

## I.

Defendants contend that N.C.G.S. 24-5 violates their substantive due process rights under the fourteenth amendment to the Constitution of the United States and article I, section 19 of the Constitution of North Carolina. Defendants argue that N.C.G.S. 24-5 is not a fundamentally fair statute, that it is unreasonable, and that the statute has no substantial or rational relation to legislative objectives. Substantive due process is a guaranty against arbitrary legislation, demanding that the law be substantially related to the valid object sought to be obtained. *State v. Joyner*, 286 N.C. 366, 211 S.E. 2d 320 (1975).

The Supreme Court of the United States has stated with regard to fourteenth amendment due process:

> The day is gone when this Court uses the Due Process Clause of the Fourteenth Amendment to strike down state laws, regulatory of business and industrial conditions, because they may be unwise, improvident, or out of harmony with a particular school of thought. . . . We emphasize again what Chief Justice Waite said in *Munn v. Illinois*, 94 U.S. 113, 134 [24 L.Ed. 77, 87], "For protection against abuses by legislatures the people must resort to the polls, not to the courts."

*Williamson v. Lee Optical Co.*, 348 U.S. 483, 488, 99 L.Ed. 563, 572 (1955) (citations omitted).[1] *See also, e.g., Exxon Corp. v. Governor of Maryland*, 437 U.S. 117, 124, 57 L.Ed. 2d 91, 99 (1978); *Ferguson v. Skrupa*, 372 U.S. 726, 731, 10 L.Ed. 2d 93, 97-98 (1963). *See Lincoln Union v. Northwestern Co.*, 335 U.S. 525, 93 L.Ed. 212 (1949). *See generally* J. Nowak, R. Rotunda, and J. Young, *Constitutional Law*, 425-51 (2d ed. 1983); L. Tribe, *American Constitutional Law*, 427-55 (1978 & Supp. 1979).

---

1. In this regard we note that a bill to amend N.C.G.S. 24-5 has been introduced as H.B. 234.

[1]  As long as there could be some rational basis for enacting N.C.G.S. 24-5, this Court may not invoke the due process clause of the fourteenth amendment to disturb the statute. Although defendants may have introduced evidence that the statute is irrational, they cannot prevail as long as it is evident from the considerations presented to the legislature that the question is at least debatable. *See Minnesota v. Clover Leaf Creamery Co.,* 449 U.S. 456, 461-63, 66 L.Ed. 2d 659, 667-69 (1981). Here, the question is no longer debatable; it has been resolved against defendants. As discussed in *Powe v. Odell,* 312 N.C. 410, 322 S.E. 2d 762 (1984), we have determined that the General Assembly did have a reasonable basis for enacting N.C.G.S. 24-5.[2] Defendants concede that the governmental objectives of the statute are legitimate and permissible. The legislation is not arbitrary and is substantially related to the legislative goals. Therefore, we hold that N.C.G.S. 24-5 does not violate the due process clause of the fourteenth amendment of the United States Constitution.

[2]  While we reserve the right to grant relief against unreasonable and arbitrary state statutes under article I, section 19 of the Constitution of North Carolina in circumstances under which no relief might be granted by the due process clause of the fourteenth amendment, *see In re Hospital,* 282 N.C. 542, 193 S.E. 2d 729 (1973), we are satisfied that N.C.G.S. 24-5 does not offend article I, section 19 of our state charter. Whether a state statute violates the law of the land clause "is a question of degree and reasonableness in relation to the public good likely to result from it." 282 N.C. at 550, 193 S.E. 2d at 735. As we have demonstrated in this opinion and in our equal protection analysis in *Powe v. Odell,* this statute has a reasonable basis in relation to the public good likely to result from it. It is not arbitrary and is reasonably related to the legislative objectives. Therefore, it does not contravene our law of the land clause.

II.

[3]  Plaintiffs argue that under the contract of insurance issued to defendant ARA Services, Inc. by the National Union Fire In-

---

2. As the United States Supreme Court stated in *Minnesota v. Clover Leaf Creamery Co.,* 449 U.S. 456, 470 n.12, 66 L.Ed. 2d 659, 673 n.12 (1981): "From our conclusion under equal protection . . . it follows a fortiori that the Act does not violate the Fourteenth Amendment's Due Process Clause."

surance Company (which provided coverage for the judgment rendered in the trial court), the insurer is liable for payment of prejudgment interest.

Relevant parts of the insurer's obligations under the contract include the following:

AGREEMENT VI. DEFENSE, SETTLEMENT, SUPPLEMENTARY PAYMENTS

With respect to such insurance as is afforded by this policy, the company shall:

. . . .

(2) Pay all expenses incurred by the company, *all costs* taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon;

. . . .

and the amounts so incurred, except settlements of claims and suits, are payable by the company in addition to the applicable limit of this policy.

(Emphasis added.) Generally, "Costs incident to the action, or costs of the action are 'entirely creatures of legislation and constitute an incident of the judgment' . . . ." *Nichols v. Goldston and Hix v. Goldston,* 231 N.C. 581, 584, 58 S.E. 2d 348, 351 (1950) (quoting *Ritchie v. Ritchie,* 192 N.C. 538, 541, 135 S.E. 458, 459 (1926) ).

In determining what are "costs" within the meaning of the contract, we turn to the General Statutes. *See Insurance Co. v. Casualty Co.,* 283 N.C. 87, 91, 194 S.E. 2d 834, 837 (1973) (provisions of a statute applicable to insurance policies are a part of the policy to the same extent as if written therein). *Accord Insurance Co. v. Chantos,* 293 N.C. 431, 238 S.E. 2d 537 (1977).[3] N.C.G.S. 24-5

---

3. While it is true that the contract specifically obligates the insurer to pay interest from the date of judgment, any implication arising therefrom that the in-

requires payment of interest to the prevailing party from the date of the filing of the action. Such interest is a cost within the meaning of the contract of insurance. The most pertinent statute provides that:

> Except with respect to compensatory damages in actions other than contract as provided in G.S. 24-5, when the judgment is for the recovery of money, interest from the time of the verdict or report until judgment is finally entered shall be computed by the clerk and added to the costs of the party entitled thereto.

N.C. Gen. Stat. § 24-7 (Supp. 1983).[4] *Cf.* N.C. Gen. Stat. § 7A-305(e) (1981). Therefore, we hold that prejudgment interest provided for by N.C.G.S. 24-5 is a cost within the meaning of the contract which, under the contract in the present case, the insurer is obligated to pay.[5]

The previous opinion in this case by this Court remains unchanged.

Affirmed.

Justice MEYER dissenting.

I respectfully dissent from the majority opinion on the basis of my dissent in *Powe v. Odell*, 312 N.C. 410, 416, 322 S.E. 2d 762, 766 (1984), wherein I was joined by Justices Copeland (now retired) and Mitchell in my conclusion that N.C.G.S. § 24-5

---

surer is not obligated to pay other interest must give way to express statutory provisions such as those contained in N.C.G.S. 24-5. *See Insurance Co. v. Casualty Co.*, 283 N.C. 87, 91, 194 S.E. 2d 834, 837 (1973).

4. It is clear that this statute's reference to N.C.G.S. 24-5 is present because interest provided for in 24-5 begins to accrue at the time the action is *instituted*, whereas in N.C.G.S. 24-7 it begins to accrue at the time the verdict or report is returned. The exception in 24-7 in no way vitiates the obvious point that interest on judgments for the recovery of money is to be included as costs.

5. The issue of whether N.C.G.S. 24-5, which was enacted after the insurance policy was issued, impairs the obligation of the contract in prohibition of article I, section 19 of the Constitution of North Carolina was not raised by any of the parties at trial or in argument before this Court. It is therefore not properly before this Court and we do not pass upon it. *Powe v. Odell*, 312 N.C. 410, 416, 322 S.E. 2d 762, 765 (1984).

Lowe v. Tarble

violates the Equal Protection Clause of the United States Constitution as well as provisions of the North Carolina Constitution. For the same reasons expressed in my dissent in *Powe*, I conclude that the statute also violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the "law of the land" provision (art. I, § 19) of the North Carolina Constitution.

The fundamental principles of "substantive due process" as collected in 16A Am. Jur. 2d *Constitutional Law* § 816 at 978-81 (1979), may be summarized as follows: In substantive law, due process may be characterized as a standard of reasonableness, which is similar to the standard or test of "rational basis" used in determining a claim of unequal protection of the laws. The analysis for substantive due process is not dissimilar from the analysis for equal protection. Substantive due process differs from equal protection in that substantive due process analysis considers the overall fairness of legislation and the relationship between the means used to achieve a legislative goal, and the achievement of that goal. It is not enough that the objective being sought by the legislature has a rational basis, but the manner in which the legislature attempts to achieve that objective must itself have a real and substantial relationship to the objective being sought and not be arbitrary or unreasonable. The due process principle is a limitation upon arbitrary power. While the principle has its origin in England as a protection to citizens from arbitrary action by the Crown, it has been said that in this country the requirement is intended to have a similar effect against legislative power. It is the principle that protects our citizens against arbitrary legislation, demanding that the law shall not be unreasonable, arbitrary or capricious, and that means selected by the legislature to meet a permissible legislative objective shall have a real and substantial relation to that objective.

The principle of due process is synonymous with the principle of "law of the land" announced in our state constitution.

[D]ue process of law and the equivalent phrase "law of the land" have frequently been defined to mean a general and public law *operating equally on all persons in like circumstances, and not a partial or private law affecting the rights of a particular individual or class of individuals in a way in*

*which the same rights of other persons are not affected.*
Under this guaranty not only must a statute embrace all persons in like situation, but the classification must be natural and reasonable, not arbitrary and capricious. The guaranty is violated by a statute embodying a classification which is not based upon some real and substantial distinction, bearing a reasonable and just relation to the things in respect to which the classification is imposed. Due process of law is denied when any particular person of a class or of the community is singled out for the imposition of restraint or burdens not imposed upon, and to be borne by, all of the class or of the community at large, unless the imposition or restraint is based upon existing distinctions that differentiate the particular individuals of the class to be affected from the body of the community. (Emphasis added.)

16A Am. Jur. 2d *Constitutional Law* § 817 at 985-86.

As I indicated in my dissent in *Powe*, I am convinced that assessment of prejudgment interest only on claims covered by insurance is arbitrary, unfair, and unreasonable and has no substantial relation or rational relationship to the legislative goal,[1] and

---

1. Although the question of impairment of contract was not specifically raised before the trial court or the Court of Appeals, I am of the opinion that it is at least arguable that the "law of the land" provision of our state constitution embodies the concept of impairment of contract set forth specifically in art. I, § 10, cl. 1 of the United States Constitution, which provides in pertinent part: "No state shall . . . pass any . . . law impairing the obligations of contracts. . . ." This clause of the federal constitution imposes limits upon the power of the states to abridge existing contractual relationships, even in the exercise of its otherwise legitimate police power. *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 57 L.Ed. 2d 727 (1978). The contract at issue in this case was entered into prior to the enactment of N.C.G.S. § 24-5 and it is indeed an ancient and long-standing rule of law that the obligation of a contract within the meaning of the constitutional provisions against impairment depends upon the laws in existence when the contract is made. *See, e.g., Wood v. Lovett*, 313 U.S. 362, 85 L.Ed. 1404 (1941); *McCracken v. Hayward*, 43 U.S. 608, 11 L.Ed. 397 (1844). Moreover, the obligation of contract includes the legal remedies which belong to it at the time and place of its creation; the ideas of validity and remedy are therefore inseparable, and both are parts of the obligation which is guaranteed by the constitution against impairment. *Home Bldg. & Loan Assoc. v. Blaisdell*, 290 U.S. 398, 78 L.Ed. 413 (1934). The policy involved in this action contains the provision that the insurer shall be liable for "all interest *accruing after entry of judgment* until the company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability. . . ." (Emphasis added.) The clear implication of this language is that *pre*judgment in-

indeed fails to meet the very objective intended by the legislature.[2] For these reasons, I conclude that N.C.G.S. § 24-5 violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the "law of the land" provision (art. I, § 19) of the North Carolina Constitution.

Justice MITCHELL joins in this dissenting opinion.

---

terest is not to be paid by the company. Thus, the new statute imposes an obligation upon the insurer which is contrary to the provisions of the preexisting contract between the parties, and so substantively and severely impairs the obligations of the parties thereunder.

2. The constitutional shortcomings that I perceive in N.C.G.S. § 24-5 can be easily overcome by appropriate legislation. This could be achieved by allowing no prejudgment interest against any defendant or by allowing prejudgment interest across the board, in all tort cases, against all defendants. As of this writing, the legislature is in session and legislation allowing prejudgment interest across the board in all tort cases has been introduced and is now being debated. Positive action by the legislature is called for.