LINDSAY FLOYD WATLINGTON, ET AL., PLAINTIFF v. NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, DEFENDANTS

No. 9315SC216

(Filed 16 August 1994)

**Insurance § 690 (NCI4th)— prejudgment interest included in damages by policy definition—award of prejudgment interest error**

By defining damages to include prejudgment interest, the insurance policy in this case intended to prevent the inclusion of prejudgment interest as a cost charged to defendant above the stated liability of the policy, and the trial court erred in awarding prejudgment interest to plaintiffs where the insurer had paid the policy limit.

**Am Jur 2d, Automobile Insurance § 428.**

**Liability insurer's liability for interest and costs on excess of judgment over policy limit. 76 ALR2d 983.**

Appeal by defendant from judgment entered 24 September 1992 by Judge J.B. Allen, Jr. in Alamance County Superior Court. Heard in the Court of Appeals 8 December 1993.

In a consolidated jury trial defendant's insured was found liable for wrongful death and personal injuries to plaintiffs arising out of an automobile accident. The verdict amounts exceeded the amount of coverage included in the insured's policy with defendant. On 4 Octo-

ber 1991, defendant offered to settle the case for the maximum amount of coverage, but the parties could not agree whether defendant would owe plaintiffs prejudgment interest in addition to the stated policy limit, and plaintiffs therefore rejected defendant's offer. Eventually plaintiffs and defendant agreed to the entry of releases and consent orders, settling the controversy for the maximum amount of coverage, with plaintiffs reserving the right to seek a declaratory judgment to the effect that defendant was liable for prejudgment interest in excess of the limit of the policy. The releases and consent judgments were executed on 30 October 1991.

Plaintiffs filed this declaratory judgment action on 27 November 1991, seeking to have the court determine the rights of the parties under a policy of automobile liability insurance issued by defendant to Donald Lee Piland. Plaintiffs contended that the policy provided that defendant would pay prejudgment interest that exceeded defendant's limit of liability under the policy. Judge J.B. Allen, Jr. entered judgment for plaintiffs on 24 September 1992, and ordered defendant to pay plaintiffs prejudgment interest in addition to the amount of the policy limit. The trial court determined that the prejudgment interest accrued from the date of the filing of the action until 30 October 1991, the date of the execution of the releases and consent judgments. Defendant appeals from the trial court's judgment.

*Charles L. Bateman, P.A., by Charles L. Bateman; and Latham, Wood, Hawkins & Whited, by B. F. Wood, for plaintiff-appellee.*

*Henson Henson Bayliss & Sue, by Perry C. Henson and Brian A. Buchanan, for defendant-appellant.*

ORR, Judge.

The portions of the insurance policy giving rise to this controversy are as follows:

PART A—LIABILITY COVERAGE

Insuring Agreement

We will pay damages for **bodily injury** or **property damage** for which any insured becomes legally responsible because of an auto accident. Damages include prejudgment interest awarded against the **insured**. . . . In addition to our limit of liability, we will pay all defense costs we incur.

Supplementary Payments

In addition to our limit of liability, we will pay on behalf of an **insured**:

. . .

> 3. All costs taxed against the **insured** and interest accruing after a judgment is entered in any suit we defend. Our duty to pay interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage.

(Emphasis in original.)

### I. Prejudgment Interest

Defendant assigns as error the trial court's finding that the policy is ambiguous, as well as the trial court's ensuing interpretation of the terms of the policy to exclude prejudgment interest from the stated limits of defendant's liability under the policy.

North Carolina's Legislature has provided for prejudgment interest: "In an action other than contract, the portion of money judgment designated by the fact finder as compensatory damages bears interest from the date the action is instituted until the judgment is satisfied. Interest on an award in an action other than contract shall be at the legal rate." N.C. Gen. Stat. § 24-5(b) (1991). There is no statutory provision mandating that insurance carriers pay prejudgment interest that exceeds the stated limit of liability under the terms of the insurance contract. *Sproles v. Green*, 329 N.C. 603, 612, 407 S.E.2d 497, 502 (1991). Furthermore, N.C.G.S. § 24-5 is not part of the Financial Responsibility Act and is not therefore written into every insurance policy. *Baxley v. Nationwide Mut. Ins. Co.*, 334 N.C. 1, 6, 430 S.E.2d 895, 898 (1993). Accordingly, courts must look to the actual language in each insurance policy at issue to determine whether the insurance company is obligated to pay prejudgment interest in excess of its contractual limit of liability.

The trial court found the language in the policy susceptible to more than one reasonable interpretation and therefore ambiguous. Our Supreme Court has explained that language in an insurance contract is ambiguous only if the language is "fairly and reasonably susceptible to either of the constructions for which the parties contend." *Wachovia Bank & Trust Co. v. Westchester Fire Ins. Co.*, 276 N.C. 348, 354, 172 S.E.2d 518, 522 (1970). Otherwise, the court is obligated

to enforce the contract as written and may not "under the guise of interpreting an ambiguous provision, remake the contract and impose liability upon the company which it did not assume and for which the policyholder did not pay." *Id.*

Plaintiffs assert that the language in the policy is ambiguous because 1) the policy defined "damages" to include prejudgment interest; 2) the policy stated that "in addition to our limit of liability, we will pay all defense costs we incur;" and 3) the policy stated that in addition to the limit of liability, defendant would pay "[a]ll costs taxed against the insured." The trial court agreed with plaintiffs that these provisions contradicted each other, giving rise to ambiguity. We disagree.

In *Lowe v. Tarble*, our Supreme Court construed an insurance contract in which the insurer expressly agreed to pay, in addition to its contractual limit of liability, "all costs taxed against the insured." 313 N.C. 460, 463, 329 S.E.2d 648, 651 (1985). The Court explained that "we hold that prejudgment interest provided for by N.C.G.S. § 24-5 is a 'cost' within the meaning of the contract which, *under the contract in the present case*, the insurer is obligated to pay." *Id.* at 464, 329 S.E.2d at 651 (emphasis added). The Court's determination was clearly limited to the contractual terms actually before it in *Lowe*.

In *Sproles v. Greene*, our Supreme Court determined that an insurer was not required to pay prejudgment interest beyond its limit of liability where the terms of the contract provided that the insurer would pay "all defense costs" in excess of the limit of liability. 329 N.C. 603, 611, 407 S.E.2d 497, 502 (1991). The Court determined that "all defense costs" was not as broad a term as "all costs" because "defense costs" include only such things as attorney fees, deposition expenses, and court costs. *Id.* In *Sproles*, our Supreme Court again clearly manifested its intent to look to the language of individual insurance contracts to determine whether an insured is obligated to pay prejudgment interest beyond its stated limit of liability. *Id.*

In the policy before us, the "Insuring Agreement" expressly provides that prejudgment interest is calculable as a part of damages and is therefore included under the liability limits of the policy. Although the "Supplementary Payments" provision does not repeat the definition of damages, defendant is not obligated to pay prejudgment interest above the policy limit of liability. *See York Indus. Center, Inc. v.*

*Michigan Mut. Liab. Co.*, 271 N.C. 158, 162, 155 S.E.2d 501, 505 (1967) (if policy defines term that definition is applied); *Woods v. Nationwide Mut. Ins. Co.*, 295 N.C. 500, 505, 246 S.E.2d 773, 777 (1978) (all parts of insurance policy construed harmoniously to give effect to policy provisions). By defining damages to include prejudgment interest, the policy *intended* to prevent the inclusion of prejudgment interest as a cost charged to defendant *above* the stated liability of the policy. As we recently explained in *Nationwide Mutual Insurance Co. v. Mabe*, 115 N.C.App. 193, 444 S.E.2d 664 (1994), a definition clause expressly including prejudgment interest as an element of damages controls the determination whether prejudgment interest is payable beyond the policy limit.

We note further that even if the insurance policy itself had not defined damages to include prejudgment interest, our Supreme Court recently held that prejudgment interest is an element of damages because it compensates a plaintiff for the loss of the use of his or her money. *Baxley* at 8, 430 S.E.2d at 900. Therefore, we find that the policy at issue is not ambiguous, and we hold that the terms of the policy, as written, specifically exclude prejudgment interest in excess of the policy limit, and we find that the trial court erred in awarding prejudgment interest to plaintiffs.

## II.

Because we find that defendant is not liable to plaintiffs for prejudgment interest in addition to the limits of the policy, we need not address defendant's remaining assignments of error. For the reasons stated above, we reverse the decision of the trial court ordering defendant to pay prejudgment interest in excess of its limit of liability under the policy.

Reversed.

Judges LEWIS and JOHN concur.