MARCUS RALPH LEDFORD, Plaintiff/Appellant v. NATIONWIDE MUTUAL INSURANCE COMPANY, Defendant/Appellee

No. 9327SC266

(Filed 21 February 1995)

### 1. Judgments § 649 (NCI4th)— prejudgment interest—damages rather than costs

Where defendant Nationwide tendered to plaintiff in an action arising from an automobile accident a figure which exceeded Nationwide's limits of liability for damages unless the portion of damages awarded as prejudgment interest was found to constitute a cost, the trial court did not err in a subsequent declaratory judgment action by granting plaintiff's motion for summary judgment and stating that the prejudgment interest constituted a portion of the judgment and was not a cost. The North Carolina Supreme Court held in *Baxley v. Nationwide Mutual Ins. Co.,* 334 N.C. 1, that interest paid to compensate a plaintiff for loss of use of the money during the pendency of a lawsuit is an element of damages. *Lowe v. Tarble,* 313 N.C. 460, which held that prejudgment interest is a cost within the meaning of the contract is distinguishable on its facts. Unless the policy of insurance

provides to the contrary, prejudgment interest constitutes a portion of a plaintiff's damage award.

**Am Jur 2d, Interest and Usury §§ 59 et seq.**

**2. Insurance § 690 (NCI4th)— automobile accident—prejudgment interest—no ambiguity in policy**

The court did not err by granting summary judgment for defendant insurance company in a declaratory judgment action to determine the applicability of prejudgment interest where plaintiff contended that language in the insurance policy created an ambiguity, but *Nationwide Mutual Ins. Co. v. Mabe*, 115 N.C. App. 193, construed identical language and held that the clause defining prejudgment interest as damages was controlling. Because the endorsement in this policy contained a definition expressly including prejudgment interest as an element of damages, that definition is determinative.

**Am Jur 2d, Automobile Insurance § 428.**

**3. Judgments § 649 (NCI4th)— automobile accident—insurance policy—prejudgment interest**

In an action arising from an automobile accident in which the question of whether prejudgment interest was a cost or a part of the judgment arose in a subsequent action for a declaratory judgment, the inclusion of an assessment of prejudgment interest in the trial judge's order on plaintiff's bill of costs did not affect the Court of Appeals holding that prejudgment interest constituted a portion of the damage award because the Court of Appeals was construing all parts of the insurance contract and because there was language in the trial judge's order indicating that the trial judge was not equating "costs" with "prejudgment interest" but was simply using his order as a vehicle to set forth the amount of prejudgment interest.

**Am Jur 2d, Interest and Usury §§ 59 et seq.**

**4. Judgments § 649 (NCI4th)— automobile accident—prejudgment interest as costs or judgment—trial court order and subsequent declaratory judgment—res judicata**

In an action arising from an automobile accident in which the question of whether prejudgment interest was a cost or a part of the judgment arose in a subsequent action for a declaratory judgment, the declaratory judgment judge did not impermissibly over-

**LEDFORD v. NATIONWIDE MUTUAL INS. CO.**

[118 N.C. App. 44 (1995)]

rule the trial judge because the trial judge was not rendering a judgment on the issue when he included prejudgment interest in his order on plaintiff's bill of costs and because there was no identity of issues in that the trial judge was only addressing the amount to be taxed against the defendants in that action and did not decide which entity would ultimately be responsible for paying the amounts he assessed as "costs and interest," seeking neither to define prejudgment interest nor to construe the insurance policy; the declaratory judgment judge's ruling that prejudgment interest constitutes a portion of the judgment and is not a cost is not inconsistent with and does not overrule the trial court's taxing of that figure to a particular party; and, having brought the declaratory judgment action, which was the proper avenue for resolution of the questions regarding construction of the insurance policy, plaintiff cannot now be heard to complain that the court had no authority to decide the questions he presented for consideration.

**Am Jur 2d, Interest and Usury §§ 59 et seq.**

Judge ORR concurred prior to 5 January 1995.

Appeal by plaintiff from summary judgment entered 12 November 1992 by Judge C. Walter Allen in Gaston County Superior Court. Heard in the Court of Appeals 6 January 1994.

*Bailey, Patterson, Caddell, Hart & Bailey, P.A., by Walter L. Hart, IV, for plaintiff.*

*Baucom, Claytor, Benton, Morgan, Wood & White, P.A., by J. Merritt White, III, for defendant.*

JOHN, Judge.

In this declaratory judgment action, plaintiff contends the trial court erred by granting summary judgment to defendant Nationwide Mutual Insurance Company (Nationwide) on the issue of the latter's obligation for prejudgment interest on a judgment entered against Nationwide's insured in an underlying negligence action.

Plaintiff alleges the court's ruling was erroneous in that it represents: (1) a misapplication of our case law with respect to prejudgment interest and construction of insurance contracts; (2) an incorrect reading of the insurance policy in question; and (3) an

**LEDFORD v. NATIONWIDE MUTUAL INS. CO.**

[118 N.C. App. 44 (1995)]

improper overruling of a prior judgment issued by another superior court judge in the matter *sub judice*. Several recent decisions issued by our courts compel us to disagree with plaintiff's arguments.

A brief summary of pertinent factual and procedural information is as follows: On 6 April 1989, plaintiff suffered serious personal injuries when the automobile in which he was a passenger was involved in a collision. The second vehicle was being operated by Kevin Ernest Dalton (Dalton), but was owned by Millie Hughes Dalton (Ms. Dalton). Ms. Dalton's vehicle was covered by a personal automobile insurance policy issued her by Nationwide—Policy Number 61 32 B 099-541, which contained liability limits of $100,000.00 per person and $300,000.00 per accident for personal injury.

On 14 June 1990, plaintiff filed a tort action against Dalton and Ms. Dalton. Following a jury trial in October 1991, a verdict was returned on 25 October 1991 finding, *inter alia*, that plaintiff was injured by the negligence of both defendants and that he was entitled to recover the sum of $225,000.00 as compensatory damages. Plaintiff was also awarded punitive damages of $10,000.00 against Dalton individually.

After entering judgment on the verdict, the trial judge, the Honorable Zoro J. Guice, Jr. (Judge Guice), filed an "Order on Plaintiffs' Bill of Costs," detailing the division and distribution of costs in the underlying tort action. Included in the court's order, dated 16 December 1991, was a provision calculating prejudgment interest and ordering the Daltons to pay same in the amount of $24,675.29.

Upon plaintiff's subsequent demand for payment of the judgment, prejudgment interest, postjudgment interest, and court costs, Nationwide tendered to him the sum of $106,188.94 (representing the $100,000.00 per person policy limit for personal injury, plus the costs of court taxed pursuant to N.C. Gen. Stat. § 6.1 (1986), minus a credit for previously advanced funds).

However, a dispute thereafter arose between the parties concerning Nationwide's obligation to pay plaintiff the amount of prejudgment interest calculated by the court. Accordingly, on 8 May 1992, plaintiff filed the instant action for declaratory relief against Nationwide seeking a resolution of the issue. More particularly, he alleged in his complaint that "the insurance policy specifically includes coverage for prejudgment interest, or, in the alternative, the

provisions in the policy are ambiguous and must, therefore, be construed in favor of coverage." Plaintiff requested the court "to construe [Ms. Dalton's] policy[,] . . . to determine the liability of defendant for pre-judgment interest . . . [and to] [d]eclar[e] that the insurance policy requires the defendant to pay pre-judgment interest on the Judgment entered against the defendant's insured."

In its answer filed 22 July 1992, Nationwide responded that "the relevant insurance policy does not provide for the payment of pre-judgment interest under the circumstances existing in this case."

Pursuant to N.C.R. Civ. P. 56 (1990), on 17 September 1992, plaintiff and Nationwide each sought summary judgment. Following a hearing, the Honorable C. Walter Allen (Judge Allen) denied plaintiff's motion for summary judgment and allowed that of defendant. The court's 12 November 1992 order stated:

> IT APPEARING to the Court . . . that as a matter of law, the pre-judgment interest on the judgment in favor of Ledford against [Ms.] Dalton, Nationwide's insured in the civil action . . . constitutes a portion of the judgment and not a cost, and that the Defendant is entitled to a judgment as a matter of law.

Plaintiff brings forth essentially three separate analyses under which he argues the court's order was erroneous.

## I.

### A.

[1] Plaintiff first contends our General Assembly and case law have established that prejudgment interest constitutes a *cost* as opposed to *an element or portion of damages.* Accordingly, because the insurance policy at issue in the case *sub judice* provides that Nationwide will "pay . . . all costs taxed against the insured," plaintiff argues he is entitled to recover the contested amount of $24,675.29 from Nationwide. We disagree.

The relevant sections of the insurance policy at issue are contained in Endorsement 2096 (effective 1 January 1987) which provides:

II. LIABILITY COVERAGE

A. . . . Insuring Agreement . . . :

We will pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident. *Damages include prejudgment interest awarded against the **insured**.* We will settle or defend, as we consider

**LEDFORD v. NATIONWIDE MUTUAL INS. CO.**

[118 N.C. App. 44 (1995)]

appropriate, any claim or suit asking for these damages. *In addition to our limit of liability, we will pay all defense costs we incur. . . .*

B. . . . Supplementary Payments . . . :

In addition to our limit of liability, we will pay on behalf of an **insured**:

3. all costs taxed against the **insured** and interest accruing after a judgment is entered in any suit we defend.

(Italics supplied). The Declarations page of the policy reveals that Nationwide's limit of liability is $100,000.00 per person for personal injury.

We note at the outset that determination of whether prejudgment interest is considered part of plaintiff's damages or an additional cost taxed to Nationwide's insured is of concern to plaintiff because Nationwide has previously tendered to him $106,188.94. As that figure concededly exceeds Nationwide's limits of liability for *damages*, unless the $24,675.29 awarded as prejudgment interest is found to constitute a *cost*, plaintiff has no claim against Nationwide for recovery of that amount.

"Prejudgment interest in negligence cases is a statutory creature in this state," *Baxley v. Nationwide Mutual Ins. Co.*, 334 N.C. 1, 7, 430 S.E.2d 895, 899 (1993); the specific statute allowing for and governing prejudgment interest is N.C. Gen. Stat. § 24-5 (1991), which provides in pertinent part:

> In an action other than contract [e.g., a negligence action, as here], the portion of money judgment designated by the fact finder as compensatory damages bears interest from the date the action is instituted until the judgment is satisfied.

G.S. § 24-5(b). Plaintiff suggests that by enacting the above-quoted section, our General Assembly "has codified and defined prejudgment interest as a cost . . . in addition to, and to be separate from" an award of compensatory damages.

To the contrary, observing that G.S. § 24-5(b) appears to reflect a legislative intention "to . . . treat[] [prejudgment interest] as an element of compensatory damages," our Supreme Court recently expressly held that "interest paid to compensate a plaintiff for loss of use of the money during the pendency of a lawsuit [i.e., prejudgment interest] is *an element of that plaintiff's damages.*" *Baxley*, 334 N.C. at 8, 430 S.E.2d at 900; *see also Nationwide Mutual Ins. Co. v. Mabe*,

115 N.C. App. 193, 201, 444 S.E.2d 664, 669 (citations omitted), *disc. review allowed*, 337 N.C. 802, 449 S.E.2d 748, 450 S.E.2d 485 (1994); *see also Watlington v. North Carolina Farm Bureau*, 116 N.C. App. 110, 113-14, 446 S.E.2d 614, 617 (1994); *see also Hartford Acc. & Indem. Co. v. U.S. Fire Ins. Co.*, 710 F. Supp. 164, 167 (E.D.N.C. 1989) ("[P]re-judgment interest should be considered an element of damages on the basis that the plaintiff should be made whole from the date of the loss.") (citation omitted), *aff'd*, 918 F.2d 955 (4th Cir. 1990).

As support for his position, plaintiff relies upon *Lowe v. Tarble*, 313 N.C. 460, 329 S.E.2d 648 (1985), wherein our Supreme Court determined that "[prejudgment] interest is a cost *within the meaning of the contract of insurance*." *Id.* at 464, 329 S.E.2d at 651 (emphasis added); *see also U.S. Fire Ins. Co. v. Nationwide Mut. Ins. Co.*, 735 F. Supp. 1320, 1325 (E.D.N.C. 1990). Although *Lowe* at first blush may appear to be supportive of plaintiff's position, the facts and circumstances therein are distinguishable from those in the case *sub judice*. *See Sproles v. Greene*, 329 N.C. 603, 611-12, 407 S.E.2d 497, 501-02 (1991); *see also Hartford*, 710 F. Supp. at 167. Moreover, it is significant that the *Lowe* Court viewed its task as "determining what are 'costs' *within the meaning of the contract*," *Lowe* at 463, 329 S.E.2d at 651 (emphasis added), demonstrating a "clear intent on the part of the Supreme Court to decide the issue based on the specific policy before it . . . ." *Mabe*, 115 N.C. App. at 201, 444 S.E.2d at 669; *see also Sproles*, 329 N.C. at 611-12, 407 S.E.2d at 502.

Under *Baxley*, therefore, unless the policy of insurance provides to the contrary, prejudgment interest constitutes a portion of a plaintiff's damage award.

## B.

[2] Focusing on the contract of insurance at issue, plaintiff urges us to reverse the trial court's grant of summary judgment for Nationwide on grounds that Endorsement 2096 creates an ambiguity in the insurance policy. While plaintiff accurately states the general principles regarding construction of insurance contracts, we disagree with the conclusion he draws from application of those principles to the policy in question.

"[T]he most fundamental rule [in interpreting insurance policies] is that the language of the policy controls." *Mabe*, 115 N.C. App. at 198, 444 S.E.2d at 667 (citation omitted). Plaintiff correctly notes,

LEDFORD v. NATIONWIDE MUTUAL INS. CO.

[118 N.C. App. 44 (1995)]

however, that when an insurance policy contains ambiguous provisions, this Court will resolve the ambiguity against the insurance company-drafter, and in favor of coverage. *See, e.g., Grant v. Insurance Co.*, 295 N.C. 39, 43, 243 S.E.2d 894, 897 (1978) (citations omitted). On the other hand, if a contract of insurance is *not* ambiguous, "the court must enforce the policy as written and may not reconstruct [it] under the guise of interpreting an ambiguous provision." *Mabe*, 115 N.C. App. at 198, 444 S.E.2d at 667 (citation omitted). As this Court has explained, "language in an insurance contract is ambiguous only if the language is 'fairly and reasonably susceptible to either of the constructions for which the parties contend.'" *Watlington*, 116 N.C. App. at 112, 446 S.E.2d at 616 (1994) (quoting *Wachovia Bank & Trust Co. v. Westchester Fire Ins. Co.*, 276 N.C. 348, 354, 172 S.E.2d 518, 522 (1970)).

Plaintiff asserts the insurance contract herein contains ambiguities because: (1) in Subsection A. of the Liability Coverage section of the policy, "damages" are defined as including prejudgment interest; (2) Subsection A. also provides that "[i]n addition to our limit of liability, we will pay all defense costs we incur"; (3) Subsection B. states that in addition to its limit of liability, Nationwide will pay "all costs taxed against the insured"; and (4) Judge Guice assessed the amount of prejudgment interest to which plaintiff was entitled within his "Order on Plaintiff['s] Bill of Costs."

We believe this Court's recent decisions *Mabe* and *Watlington* govern our resolution of this issue. In *Mabe*, when construing *identical* language contained in another Nationwide policy (indeed, Endorsement 2096 itself), we held that the "additional clause [in Subsection A.] defining prejudgment interest as part of damages . . . is controlling." *Mabe*, 115 N.C. App. at 201, 444 S.E.2d at 669. Further, after observing that "[i]f a policy defines a term, then that definition is to be applied," *id.* at 198, 444 S.E.2d at 667 (citation omitted), the *Mabe* Court implicitly declined to impart an additional meaning to prejudgment interest by including it within the term "costs" in Subsection B. Additionally, in summarizing our decision in *Watlington*, we stated:

> In the policy before us, the "Insuring Agreement" expressly provides that prejudgment interest is calculable as a part of damages and is therefore included under the liability limits of the policy. Although the "Supplementary Payments" provision does not repeat the definition of damages, defendant is not obligated to

LEDFORD v. NATIONWIDE MUTUAL INS. CO.

[118 N.C. App. 44 (1995)]

pay prejudgment interest above the policy limit of liability. . . . By defining damages to include prejudgment interest, the policy *intended* to prevent the inclusion of prejudgment interest as a cost charged to defendant *above* the stated liability of the policy. As we recently explained in . . . *Mabe*, a definition clause expressly including prejudgment interest as an element of damages controls the determination whether prejudgment interest is payable beyond the policy limit.

. . . .

. . . Therefore, we find that the policy at issue is not ambiguous . . . .

*Watlington*, 116 N.C. App. at 113-14, 446 S.E.2d at 617 (citations omitted).

In similar fashion, we conclude the policy in the case *sub judice* is not ambiguous. Because Endorsement 2096 contains a definition clause "expressly including prejudgment interest as an element of damages," *id.* at 114, 446 S.E.2d at 617, that definition is determinative. *See Baxley*, 334 N.C. at 7, 430 S.E.2d at 899 (Court said, "Where the insurance contract does not limit the definition of the word [damages], this Court certainly should not step in to do so." By implication, therefore, if the policy *does* indeed restrict the definition of the term damages, we should not interject a more expansive meaning.).

C.

[3] Lastly, plaintiff makes much of Judge Guice's inclusion of an assessment of prejudgment interest in his "Order on Plaintiff['s] Bill of Costs." However, our holding is completely unaffected by that order.

First, in interpreting the terms of Nationwide Policy Number 61 32 B 099-541, any label affixed in Judge Guice's order to prejudgment interest is entirely irrelevant. Our task is to construe harmoniously all parts of *the contract itself* so as to give effect to each of its provisions. *Mabe*, 115 N.C. App. at 198, 444 S.E.2d at 667 (citation omitted).

Additionally, in summarizing the various portions of his order, Judge Guice decreed "[t]hat the total *costs and interest, excluding the post-judgment interest which continues to accrue* . . . to be taxed in favor of . . . plaintiff[], and against . . . Dalton and [Ms.] Dalton . . . are . . . $26,081.70." This language indicates Judge Guice was not equating "costs" with "prejudgment interest," but rather simply was

LEDFORD v. NATIONWIDE MUTUAL INS. CO.

[118 N.C. App. 44 (1995)]

using his order as a vehicle by which to set forth the amount of pre-judgment interest.

## II.

**[4]** Plaintiff's final assignment of error concerns the following language contained in Judge Allen's order granting Nationwide's motion for summary judgment: "[A]s a matter of law, the pre-judgment interest on the judgment in favor of [plaintiff] against [Ms.] Dalton, Nationwide's insured . . . , constitutes a portion of the judgment and not a cost." Plaintiff contends Judge Allen by so ruling impermissibly overruled Judge Guice's order which, plaintiff asserts, labelled pre-judgment interest as a "cost." He argues that the principle of *res judicata* ordinarily forbids "one Superior Court Judge . . . [from] review[ing] the judgment of another Superior Court Judge." *Hayes v. Wilmington*, 239 N.C. 238, 245, 79 S.E.2d 792, 797 (1954), *rev'd on other grounds*, 243 N.C. 525, 91 S.E.2d 673 (1956). While plaintiff properly characterizes the general rule, we hold it inapplicable to the circumstances *sub judice* for several reasons.

First, we do not believe that by including prejudgment interest in his "Order on Plaintiff['s] Bill of Costs" Judge Guice was rendering a "judgment" with respect to this issue.

Next, Judge Guice's treatment of prejudgment interest as a cost in his order would not constitute *res judicata* with respect to the subsequent declaratory judgment suit unless there were: (1) identity of parties; (2) identity of subject matter; (3) identity of issues; and (4) identity of relief demanded, between the prior and later actions. *See, e.g., Mason v. Highway Comm.*, 7 N.C. App. 644, 647, 173 S.E.2d 515, 516 (1970) (citing *Shaw v. Eaves*, 262 N.C. 656, 138 S.E.2d 520 (1964)). We agree with Nationwide's contention that Judge Guice and Judge Allen were not faced with an "identity of issues." To the contrary, the only issue addressed in Judge Guice's order was *how much* was to be taxed against Dalton and Ms. Dalton (the insured); he did not decide *which entity* would ultimately be responsible for paying the amounts he assessed (explicitly) as "costs *and* interest." (Emphasis added). Judge Guice neither sought to define "prejudgment interest," nor to construe Ms. Dalton's insurance policy with respect to the issue.

Further, Judge Allen's ruling that "pre-judgment interest . . . constitutes a portion of the judgment and not a cost" is not inconsistent with, and does not expressly or impliedly overrule, Judge Guice's taxing of that figure against Mrs. Dalton.

ASSOCIATED MECHANICAL CONTRACTORS v. PAYNE

[118 N.C. App. 54 (1995)]

Finally, the instant action for declaratory relief was the proper avenue for resolution of plaintiff's questions regarding construction of the insurance policy. *See, e.g., Insurance Co. v. Roberts*, 261 N.C. 285, 287, 134 S.E.2d 654, 656-57 (1964) (citations omitted). Having brought this action, he cannot now be heard to complain, in essence, that the trial court had no authority even to decide the very questions he presented for its consideration. We reject this assignment of error.

For all the reasons discussed herein, we affirm the court's grant of summary judgment in favor of Nationwide.

Affirmed.

Judges ORR and LEWIS concur.

Judge ORR concurred prior to 5 January 1995.