NED W. GODWIN, Plaintiff-Appellant v. NATIONWIDE MUTUAL INSURANCE COMPANY, Defendant-Appellee

No. 9411SC699

(Filed 20 June 1995)

**Insurance § 690 (NCI4th)— UM coverage—prejudgment interest—award up to policy limits**

Because a judgment for personal injury exceeded the UM limit of liability in the policy issued by defendant, plaintiff was

not entitled to prejudgment interest on the personal injury por-
tion of the judgment; however, plaintiff was entitled to prejudg-
ment interest on the property damage verdict up to the policy
limit because the verdict did not exceed this amount.

**Am Jur 2d, Automobile Insurance § 428.**

Appeal by plaintiff from judgment entered 29 March 1994 by
Judge Wiley F. Bowen in Johnston County Superior Court. Heard in
the Court of Appeals 22 March 1995.

Plaintiff was injured in an automobile collision with Melissa
Maud Leroy on 18 August 1987. At the time of the collision, Leroy had
no insurance coverage. Plaintiff was the husband of and resided with
Bettie W. Godwin, who was insured by defendant Nationwide Mutual
Insurance Company (hereinafter "Nationwide"). Plaintiff was a cov-
ered person under Nationwide's policy (hereinafter "the policy").

Pursuant to plaintiff's insurance policy, Nationwide represented
Leroy in the underlying tort action filed by plaintiff pursuant to the
uninsured motorist coverage provision of the policy. The policy pro-
vided that the limits of liability for uninsured motorist (hereinafter
"UM") coverage for personal injury would be $25,000 per person and
$50,000 per accident.

On 18 March 1988 Nationwide made a $3,842.04 payment to plain-
tiff on account of the property damage claim. Nationwide made no
further payment at any time prior to judgment for plaintiff's personal
injuries.

On 6 June 1990 a jury rendered a verdict in the tort action in favor
of plaintiff in the amount of $64,000 for personal injuries and $6,000
for property damage.

On 12 February 1991 Nationwide paid $26,380.96 to plaintiff on
account of the jury verdict in the underlying tort action, representing
the $25,000 limit of liability contained in the UM coverage, plus post-
judgment interest on that amount.

On 31 May 1991 Nationwide paid $2,329.51 to plaintiff, represent-
ing the difference between the $6,000 property damage verdict and
the 18 March 1988 payment under the collision coverage of the
Nationwide policy, as well as postjudgment interest.

On 23 May 1991 plaintiff brought a declaratory action against
Nationwide, seeking a ruling that, *inter alia*, plaintiff was entitled to

prejudgment interest on the judgment rendered in the underlying tort action. The trial court denied plaintiff's request for declaratory relief. Plaintiff appeals.

*Mast, Morris, Schulz & Mast, P.A., by George B. Mast and Bradley N. Schulz, for plaintiff appellant.*

*Ragsdale, Liggett & Foley, by Stephanie Hutchins Autry, for defendant appellee.*

ARNOLD, Chief Judge.

Plaintiff assigns error to the trial court's conclusions of law that plaintiff is not entitled to recover prejudgment interest on (1) his property damage verdict, and (2) his personal injury verdict. We note initially that the trial court found that plaintiff failed to include in his complaint for declaratory relief a claim that he was entitled to prejudgment interest on the property damage portion of the verdict, and thus, summarily concluded that plaintiff was not entitled to recover any additional amount on the property damage verdict. We disagree with the court's finding. Although he specifically stated in his complaint that defendant refused to pay "the $6,000.00 for the property damage and interest thereon from June 6, 1990 [the date of the judgment] through February 12, 1991 [the date Nationwide paid the difference between the earlier collision payment and the property damage verdict]," plaintiff nevertheless demanded in the same paragraph prejudgment interest on the entire $70,000 judgment. Therefore, as defense counsel conceded at oral argument, the question presented for appellate review is whether plaintiff was entitled to prejudgment interest on the personal injury and property damage judgments.

Our Supreme Court has held that an underinsured motorist (UIM) carrier is obligated to pay prejudgment interest on a judgment rendered in the underlying tort action up to, but not in excess of its UIM policy limits. *Baxley v. Nationwide Mutual Ins. Co.*, 334 N.C. 1, 430 S.E.2d 895 (1993). In the present case, however, plaintiff seeks prejudgment interest on the personal injury verdict in addition to its UM policy limit, $25,000, which has already been exhausted. The issue of whether a claimant is entitled to prejudgment interest in an amount *exceeding* the insurer's limit of liability has been addressed by this Court most recently in *Watlington v. N.C. Farm Bureau Mut. Ins. Co.*, 116 N.C. App. 110, 446 S.E.2d 614 (1994). In *Watlington* we held that "courts must look to the actual language in each insurance policy at issue to determine whether the insurance company is obligated

to pay prejudgment interest in excess of its contractual limit of liability." *Id.* at 112, 446 S.E.2d at 616.

The Nationwide policy contained the following relevant UM provision:

### PART D - Uninsured Motorists Coverage

We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of:

1. Bodily injury sustained by a covered person and caused by an accident; and

2. Property damage caused by an accident.

. . . .

### LIMIT OF LIABILITY

The limit of bodily injury liability shown in the Declarations for "each person" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident. . . .

Our appellate courts have continuously interpreted the term "damages" in similar provisions to include prejudgment interest as an element only "up to, but not in excess of, its . . . policy limits." *Baxley*, 334 N.C. at 11, 430 S.E.2d at 901; *see Watlington*, 116 N.C. App. 110, 446 S.E.2d 614; *Baxley v. Nationwide Mutual Ins. Co.*, 115 N.C. App. 718, 446 S.E.2d 597 (1994) (*Baxley* II); *Nationwide Mutual Ins. Co. v. Mabe*, 115 N.C. App. 193, 444 S.E.2d 664, *review allowed*, 337 N.C. 802, 449 S.E.2d 748 (1994); *United Services Automobile Assn. v. Gambino*, 114 N.C. App. 701, 443 S.E.2d 368, *disc. review denied*, 337 N.C. 698, 448 S.E.2d 539 (1994); *Wiggins v. Nationwide Mutual Ins. Co.*, 112 N.C. App. 26, 434 S.E.2d 642 (1993). We see no reason to distinguish this UM case from any UIM or liability case which has refused to order prejudgment interest once the policy limits have been exhausted. *See Cochran v. N.C. Farm Bureau Mutual Ins. Co.*, 113 N.C. App. 260, 437 S.E.2d 910, *disc. review denied*, 335 N.C. 768, 442 S.E.2d 513 (1994).

Both parties made commendable arguments but, we are bound by former holdings. Plaintiff articulates sound policy arguments to support his position, but "policy alone is not sufficient to overcome the plain and unambiguous language of the policy." *Mabe*, 115 N.C. App.

at 202, 444 S.E.2d at 669. Therefore, we hold that Nationwide is obligated to pay prejudgment interest as part of the damages up to its UM coverage limit of $25,000. In this case, because the judgment exceeds the policy's limit of liability, $25,000 (plus the postjudgment interest) is the extent of Nationwide's liability, and plaintiff is not entitled to any prejudgment interest on the personal injury portion of the judgment. However, plaintiff is entitled to prejudgment interest on the property damage verdict (less the 18 March 1988 payment) up to the policy limit because the policy limit on property damages was $10,000, and plaintiff's claim did not exceed this amount.

For the foregoing reasons, we affirm the judgment as to prejudgment interest on the personal injury verdict, but we reverse that portion of the judgment denying plaintiff prejudgment interest on the property damage verdict and remand for the entry of judgment consistent with this opinion.

Affirmed in part, reversed in part.

Judges WYNN and JOHN concur.