ATTORNEY FOR APPELLANT
Nicholas C. Deets
Hovde Dassow & Deets LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Robert A. Durham
State Farm Litigation Counsel
Indianapolis, Indiana

Karl L. Mulvaney
Margaret M. Christensen
Bingham Greenebaum Doll LLP
Indianapolis, Indiana



# In the
# Indiana Supreme Court

No. 41S01-1108-CT-515

KATHY INMAN,                                          *Appellant (Plaintiff),*

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,      *Appellee (Defendant).*

Appeal from the Johnson Superior Court, No. 41D03-0711-CT-66
The Honorable Richard L. Tandy, Special Judge

On Transfer from the Indiana Court of Appeals, No. 41A01-1005-CT-225

**December 12, 2012**

**Dickson, Chief Justice.**

The plaintiff, Kathy Inman, challenges the trial court's denial of her motion for prejudgment interest in the amount of $3,616.44 pursuant to Indiana Code Chapter 34-51-4. Inman's appeal raises two questions regarding the scope of the Tort Prejudgment Interest Statute ("TPIS"), Ind. Code §§ 34-51-4-1 to -9: whether the TPIS applies to an action by an insured against an insurer to recover benefits under the insured's underinsured motorist ("UIM") policy; and whether prejudgment interest can be awarded in excess of the policy limits set forth in an insured's UIM policy. Having granted transfer, we hold that the TPIS does apply to UIM cover-

age disputes because they are properly considered "civil actions arising out of tortious conduct" as required by Indiana Code Section 34-51-4-1. We also hold that, because prejudgment interest is a collateral litigation expense, it can be awarded in excess of an insured's UIM policy limits. We conclude, however, that Inman is not entitled to prejudgment interest because the trial court acted within its discretion when it denied her request for prejudgment interest.

This case arises out of a motor vehicle collision wherein Inman's vehicle was "rear-ended" by Nicholas Shinnamon's vehicle on November 26, 2006. Inman sued Shinnamon and settled with his insurer for $50,000, the maximum of his automobile liability policy. Claiming that she had sustained more than $50,000 in damages, Inman then sought an additional $50,000 under her UIM policy with State Farm Mutual Automobile Insurance Company ("State Farm"), which promised UIM coverage in the amount of $100,000.[1] On March 11, 2009, State Farm filed an Answer and denied that Shinnamon was at fault for the collision and that Inman's damages exceeded $50,000. On June 14, 2009, Inman offered to settle her UIM claim against State Farm for $50,000 pursuant to Section 34-51-4-6 of the TPIS. State Farm did not respond to Inman's offer and did not make its own offer to settle. Following trial, on March 17, 2010, the jury returned a verdict in favor of Inman in the amount of $50,000, and judgment was entered. Inman then made a motion for prejudgment interest in the amount of $3,616.44 pursuant to the TPIS. The trial court denied Inman's motion without explaining its reasoning.

On appeal, Inman challenges the trial court's denial of prejudgment interest as error because it is undisputed that she satisfied the statutory requirements imposed by the TPIS. Appellant's Br. at 4–5. State Farm contends that (1) the TPIS does not apply to a contract action by an insured against an insurer for the recovery of benefits under a UIM policy, and, (2) even if the TPIS does apply to such actions, public policy prohibits an award of prejudgment interest in excess of the UIM policy limits in the absence of bad faith. Appellee's Br. at 3, 5. The Court of Appeals rejected State Farm's arguments and reversed the trial court's denial of Inman's motion for prejudgment interest. Inman v. State Farm Mut. Auto Ins. Co., 938 N.E.2d 1276 (Ind. Ct. App. 2010). The Court of Appeals also ordered the trial court to award Inman prejudgment in-

---

[1] Inman and State Farm agree that Inman could only recover a maximum of $50,000 under her $100,000 UIM policy.

2

terest in the amount of $3,616.44 plus $13.10 per day after April 12, 2010. *Id.* at 1283. We granted transfer.

An award of prejudgment interest under the TPIS is discretionary. *See* Ind. Code § 34-51-4-7 ("The court *may* award prejudgment interest as part of a judgment." (emphasis added)). Accordingly, we review a trial court's ruling on a motion for prejudgment interest under the TPIS for abuse of discretion.[2] *See* Hupfer v. Miller, 890 N.E.2d 7, 9 (Ind. Ct. App. 2008) (holding that an award of prejudgment interest under the TPIS is reviewed using an abuse of discretion standard), *trans. not sought*. The trial court abuses its discretion when its decision is "clearly against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law." State v. Willits, 773 N.E.2d 808, 811 (Ind. 2002).

On appeal, State Farm first contends that the TPIS applies only to tort actions, which, it argues, do not include UIM actions because UIM actions derive from a contract between the insurer and the insured. Appellee's Br. at 3. We disagree. State Farm's interpretation reads the statute too narrowly. Section 34-51-4-1 of the TPIS declares that the statute "applies to *any civil action* arising out of tortious conduct." Ind. Code § 34-51-4-1 (emphasis added). This language employs broad classifications to delimit the scope of the TPIS rather than referencing any specific causes of action. The use of the phrase "arising out of tortious conduct" implies that the General Assembly intended to sweep within the reach of the TPIS a wider array of civil actions involving tortious conduct than merely actions sounding directly in tort. Had the legislature intended to restrict the TPIS only to such actions, it simply could have said the TPIS "applies to tort actions" as it has done in other instances. *Cf.* Ind. Code § 34-51-5-1 (restricting a jury's ability to consider tax consequences of its verdict to "a *tort action* for personal injuries." (emphasis

---

[2] Inman urges us to apply a *de novo* standard when reviewing an award of prejudgment interest. Appellant's Br. at 4 (relying on INS Investigations, Inc. v. Lee, 784 N.E.2d 566 (Ind. Ct. App. 2003), *trans. denied*; Harlan Sprague Dawley, Inc. v. S.E. Lab Grp., Inc., 644 N.E.2d 615 (Ind. Ct. App. 1994), *trans. denied*; and Duke Bland Trucking, Inc. v. Kiger, 598 N.E.2d 1103 (Ind. Ct. App. 1992), *trans. denied*). The cases offered by Inman do not support her proposition because they do not contemplate an award of prejudgment interest under the TPIS. Likewise, our own research has not revealed any other precedent that supports her contention. Moreover, reviewing an award of prejudgment interest for abuse of discretion is consistent with the permissive language of Indiana Code Section 34-51-4-7. Employing a *de novo* standard of review would abrogate this express delegation of discretion to the trial court by the statute.

added)); Ind. Code § 34-51-2-10 (allowing a plaintiff to recover compensatory damages in a "civil action *for intentional tort*" from a defendant "convicted after a prosecution based on the same evidence" (emphasis added)).

A UIM action such as Inman's is a prototypical example of a "civil action arising out of tortious conduct." It "arises out of" the automobile collision between Inman and Shinnamon on November 26, 2006. This civil action was necessitated by State Farm's refusal to pay the excess damages not covered by Shinnamon's insurer that Inman sustained as a result of that collision. Indeed, absent that collision, Inman would have no basis for bringing this UIM action in the first place. The purpose of a UIM policy is to indemnify insureds against damages uncompensated by a tortfeasor's insurance policy. *See* Alan I. Widiss & Jeffrey E. Thomas, *Uninsured and Under-insured Motorist Insurance* § 31.1 at 1 (LexisNexis, 3d ed. 2005). Thus, in essence, the UIM insurance provider steps into the shoes of the tortfeasor in order to provide the insured an alternative source of recovery for her damages. Accordingly, we hold that the TPIS can apply to civil actions, such as a UIM breach of contract action, which arise due to tortious conduct but which are not tort actions.[3]

State Farm also contends that, even if the TPIS does apply in this case, prejudgment interest is unavailable to Inman because State Farm is not liable for any amount beyond the policy limit set forth in her UIM insurance contract. Appellee's Br. at 5. Inman responds that prejudgment interest is a collateral litigation expense and is thus not subject to the award limits established by her UIM policy. Appellant's Reply Br. at 5. We agree with Inman that prejudgment interest can be awarded in excess of her UIM policy limit.

We examined the nature of post- and prejudgment interest awarded under Indiana's Post-Judgment Interest Statute, Ind. Code § 24-4.6-1-101 to -104, and the TPIS, respectively, in a series of cases addressing the interplay between the statute and the liability limits imposed by the

---

[3] The Court of Appeals has held on several occasions that the TPIS, Ind. Code §§ 34-51-4-1 to -9, applies only to tort actions. *See, e.g.*, Hanson v. Valma M. Hanson Revocable Trust, 855 N.E.2d 655, 665 (Ind. Ct. App. 2006), *trans. not sought*; Thor Electric, Inc. v. Oberle & Assocs., Inc., 741 N.E.2d 373, 380 (Ind. Ct. App. 2000), *trans. not sought*; Ind. Erectors, Inc. v. Trs. of Ind. Univ., 686 N.E.2d 878, 882 (Ind. Ct. App. 1997), *trans. not sought*. To the extent that these cases are inconsistent with our opinion today, they are disapproved.

4

Medical Malpractice Act ("MMA"). Cahoon v. Cummings, 734 N.E.2d 535 (Ind. 2000); Emergency Physicians of Indianapolis v. Pettit, 718 N.E.2d 753 (Ind. 1999); Poehlman v. Feferman, 717 N.E.2d 578 (Ind. 1999). In Poehlman, we were faced with the question of whether post-judgment interest and court costs could be awarded in excess of the liability limits on the recovery of medical malpractice damages imposed by the MMA. Poehlman, 717 N.E.2d at 579. We held that interest and costs are "collateral financial obligations associated with litigation generally," reasoning that "[t]hese collateral litigation expenses arise separately by operation of law and are regulated under distinct statutes, which guide parties' decisions in nearly every stage of either pursuing or defending medical malpractice claims under the Act." Id. at 581 (footnote omitted). As such, we concluded that the liability limits imposed by the MMA do not apply to collateral litigation expenses because the actions covered by the act "remain essentially tort suits notwithstanding the [MMA]" and thus are not entitled to a "separate set of rules for the allocation of these expenses." Id. We extended this rationale to prejudgment interest awarded under the TPIS in Cahoon and Pettit, concluding that prejudgment interest is also a collateral litigation expense not subject to the MMA's liability limits. Cahoon, 734 N.E.2d at 547; Pettit, 718 N.E.2d at 757.

State Farm argues that an award of prejudgment interest in a UIM action is "totally unlike an injured patient's situation under the [MMA]" because "[t]he injured patient's cap on damages was not selected by the patient, but rather was set by the legislature." Appellee's Br. at 8. This argument is misplaced. An award of prejudgment interest under the TPIS is permitted in excess of the health care provider's limits under the MMA, not because the plaintiff does not have the opportunity to bargain for the amount of the statutory liability limit, but because prejudgment interest is a collateral litigation expense imposed at the discretion of the trial court as a penalty for the defendant's failure to conduct litigation consistent with the legislatively ordained policy of expediency. That a prejudgment interest award also compensates the plaintiff for the lost time-value of an eventual damage award is an incidental benefit; it is secondary to the TPIS's primary purpose of achieving amicable settlement and conservation of resources by encouraging speedy resolution of disputes through negotiation. As such, it is not within the parties' power to contractually preclude a prejudgment interest award made under the TPIS. The statute does not authorize the parties to avoid its application except by making qualifying settlement offers. *See generally* Ind. Code §§ 34-51-4-1 to -9.

5

These principles likewise apply in the UIM insurance context. At its core, the TPIS is a tool given to the trial court to expedite the amicable settlement of litigation without trial, and to permit compensation to a party who is unreasonably deprived of proceeds as a result of settlement delay. *See* Cahoon, 734 N.E.2d at 547 ("If a defendant has the option to terminate the dispute at a known dollar cost, and chooses not to do so, that defendant and not the plaintiff should bear the cost of the time value of money in the intervening period if the ultimate result is within the parameters set by the legislature."). Two aspects of the statutory language evidence this legislative intent. First, the TPIS only makes prejudgment interest available when the plaintiff makes, and the defendant fails to make, a qualifying settlement offer pursuant to the conditions of the TPIS.[4] Ind. Code §§ 34-51-4-5, -6. Second, the TPIS grants the trial court broad discretion to determine when an award of prejudgment interest is warranted even when qualifying settlement offers have been made. *See id.* §§ 34-51-4-7 ("The court may award prejudgment interest as part of a judgment."), -8 ("If the court awards prejudgment interest, the court shall determine the period during which prejudgment interest accrues."), -9 (authorizing the court to set the interest rate for purposes of prejudgment interest under the TPIS).

---

[4] To be eligible for an award of prejudgment interest, the TPIS requires the plaintiff to make a qualifying settlement offer:

> This chapter does not apply if:
> (1) within one (1) year after a claim is filed in the court, or any longer period determined by the court to be necessary upon a showing of good cause, the party who filed the claim fails to make a written offer of settlement to the party or parties against whom the claim is filed;
> (2) the terms of the offer fail to provide for payment of the settlement offer within sixty (60) days after the offer is accepted; or
> (3) the amount of the offer exceeds one and one-third (1 1/3) of the amount of the judgment awarded.

Ind. Code § 34-51-4-6. The TPIS also enables a defendant to avoid prejudgment interest by making a qualifying settlement offer:

> This chapter does not apply if:
> (1) within nine (9) months after a claim is filed in the court, or any longer period determined by the court to be necessary upon a showing of good cause, one (1) or more of the parties against whom the claim is filed makes a written offer of settlement to the party receiving a judgment;
> (2) the terms of the offer include payment within sixty (60) days after the offer is accepted; and
> (3) the amount of the offer is at least two-thirds (2/3) of the amount of the judgment award.

Ind. Code § 34-51-4-5.

State Farm also contends that the TPIS's purpose of incentivizing speedy resolution of disputes is "adequately served by the insurer's obligation to deal in good faith with its insured." Appellee's Trans. Br. at 9. The duty to deal in good faith "includes the obligation to refrain from (1) making an unfounded refusal to pay policy proceeds; (2) causing an unfounded delay in making payment; (3) deceiving the insured; and (4) exercising any unfair advantage to pressure an insured into a settlement of his claim." Erie Ins. Co. v. Hickman, 622 N.E.2d 515, 519 (Ind. 1993). "To prove bad faith, the plaintiff must establish, with clear and convincing evidence, that the insurer had knowledge that there was no legitimate basis for denying liability." Freidline v. Shelby Ins. Co. 774 N.E.2d 37, 40 (Ind. 2002). There is little question that it is difficult for the insured plaintiff to prove bad faith. It is a fact-intensive inquiry providing little certainty as to a plaintiff's probability of success. *See, e.g.*, *id.* at 42–43; Erie, 622 N.E.2d at 520–23; Colley v. Ind. Farmers Mut. Ins. Grp., 691 N.E.2d 1259, 1260–61 (Ind. Ct. App. 1998), *trans. denied*; *see also* Schimizzi v. Ill. Farmers Ins. Co., 928 F. Supp. 760, 772–775 (N.D. Ind. 1996). Given the high hurdle imposed by a bad faith claim, the legislature very well might have preferred the reasonable, bright-line approach afforded by the TPIS for accomplishing its policy objectives. We defer to the public policy choices made by our legislature.[5] Accordingly, we hold that prejudg-

---

[5] State Farm points to cases from other jurisdictions holding that prejudgment interest cannot be awarded in excess of the insured's policy limits. Appellee's Trans. Br. at 7 (citing Guin v. Ha, 591 P.2d 1281 (Alaska 1979); Nunez v. Nationwide Mut. Ins. Co., 472 A.2d 1383 (Me. 1984); Watlington v. N.C. Farm Bureau Mut. Ins. Co., 446 S.E.2d 614 (N.C. Ct. App. 1994); Factory Mut. Ins. Co. of Am. v. Cooper, 262 A.2d 370 (R.I. 1970); Buckhannon-Upshur Cnty. Airport Auth. v. R&R Coal Contracting, Inc., 413 S.E.2d 404 (W. Va. 1991)). We do not find these cases persuasive because they address a wholly different issue than the one before us here. In each of these cases, the insured was held personally liable for prejudgment interest *to a third-party*, and thus the issue was whether the insurance contract indemnified the insured for prejudgment interest in excess of the policy limits. Guin, 591 P.2d at 1283; Nunez, 472 A.2d at 138; Watlington, 446 S.E.2d at 615; Cooper, 262 A.2d at 371; Buckhannon-Upshur, 413 S.E.2d at 406. By contrast, the issue before us here is whether the insurer, who has been held directly liable for prejudgment interest to the insured, should be obligated to pay such interest in excess of the insured's UIM policy limit. Under the TPIS, as we hold today, prejudgment interest is imposed on the insurer not by reason of its contract with the insured, but because the insurer has failed to make a qualifying settlement offer and the trial court believes such interest is warranted. In addition, none of these cases involve a prejudgment interest statute akin to the TPIS that conditions prejudgment interest on whether the parties have made qualifying settlement offers. State Farm also points to J.C. Penney Cas. Ins. Co. v. Woodward, 380 S.E.2d 282 (Ga. Ct. App. 1989), to support its argument. Appellee's Trans. Br. at 7. J.C. Penney involves a dispute between the insured and the insurer under an uninsured motorist policy, which provides coverage similar to an underinsured (UIM) policy, and involves a prejudgment interest statute relatively similar to the TPIS. *See id.* at 283, 286. In concluding that the insurer was not entitled to prejudgment interest in excess of the uninsured motorist policy limit, the court in J.C. Penney simply as-

7

ment interest can be awarded in excess of an insured's UIM policy coverage limit in an action by the insured to recover under a UIM policy.

In seeking to overturn the trial court's denial of her Motion for Prejudgment Interest, Inman argues that she is entitled to prejudgment interest because it is undisputed that she made a qualifying settlement offer to State Farm in compliance with Indiana Code Section 34-51-4-6 and that State Farm failed to make a qualifying settlement offer as required by Indiana Code Section 34-51-4-5 to avoid application of the TPIS. Appellant's Br. at 10. While, under these circumstances, the TPIS *permits* the trial court to award prejudgment interest, the TPIS does not *require* an award of prejudgment interest. *See* Ind. Code §§ 34-51-4-7 ("The court *may* award prejudgment interest as part of a judgment." (emphasis added)), -8 ("*If the court awards prejudgment interest*, the court shall determine the period during which prejudgment interest accrues." (emphasis added)). Under the plain language of the statute, an award of prejudgment interest is committed solely to the discretion of the trial court[6] once the statutory prerequisites are satisfied. Indeed, this understanding of the TPIS is consistent with the statute's function as a tool for the trial court to encourage settlement and incentivize expeditious resolution of disputes, *see* Van Winkle v. Nash, 761 N.E.2d 856, 860–61 (Ind. Ct. App. 2002) (rejecting an invitation to limit the trial court's discretion to award prejudgment interest under the TPIS where there are disputed issues of liability and damages because to do so would contravene the purpose of the TPIS by incentivizing defendants "to manufacture token disputes of liability or damages in order to avoid prejudgment interest"), *trans. not sought*, and we must tread carefully to uphold these legislative policy choices.

---

sumed that "the extent of liability is governed by the insurance contract," but offered no explanation to support this conclusion. *Id.* at 286. We are not persuaded by this assertion.

[6] Inman asserts that "[t]he logical inference of the use of the general term 'court' rather than 'trial court' [in Indiana Code Sections 34-51-4-1 to -9] is that the Court of Appeals is free to compute prejudgment interest to promote judicial economy when the trial court erroneously refuses to do so." Appellant's Trans. Br. at 12. However, the term "court" for purposes of the TPIS is defined as "the court awarding a judgment." Ind. Code § 34-6-2-31. The judgment on which prejudgment interest is sought was that determined and entered by the trial court, not by a reviewing appellate court. We thus look to the trial court here to consider and rule on the plaintiff's motion for prejudgment interest in accord with the TPIS.

8

Here, the trial court's order denying Inman's request for prejudgment interest stated only: "Request for interest denied," and did not articulate a basis for the decision. Appellant's Br. at 12. We find no basis to conclude that the trial court abused its discretion. There is no indication that the trial court's denial of prejudgment interest was predicated on a belief either that the TPIS did not apply to a UIM action or that prejudgment interest could not be awarded in excess of the UIM policy limit. The trial court could simply have believed that prejudgment interest was inappropriate given the particularities of the case. Absent a persuasive showing to the contrary, we will assume that the trial court acted in compliance with the law and thus properly exercised its discretion.

## Conclusion

Through its passage of the TPIS, the legislature has enacted a scheme which affords trial courts wide-ranging discretion to award prejudgment interest in civil actions arising out of tortious conduct, a broad category of cases which includes UIM coverage disputes. The trial court alone has discretion to determine whether to award prejudgment interest and what time period and interest rate to use in its computation. This discretion is not limited by insurance policy limits, the good-faith conduct of the parties, or the common law.[7] Rather, it is limited only by the statutory requirements enumerated in Indiana Code Sections 34-51-4-1 to -9. Because the trial court here acted within its statutory discretion in denying Inman's request for prejudgment interest, the judgment of the trial court is affirmed.

Rucker, David, Massa, Rush, JJ., concur.

---

[7] In another case handed down today, Kosarko v. Padula, ___ N.E.2d ___, ___ (Ind. 2012), we hold that the TPIS "abrogates and supplants the common law rules governing the availability of prejudgment interest in cases covered by the statute." Kosarko, ___ N.E.2d at ___. Thus, in cases where prejudgment interest is requested under the TPIS, the common law Roper standard, requiring damages to be complete and readily ascertainable in order for prejudgment interest to be awarded, N.Y., Chi. & St. Louis Ry. Co. v. Roper, 176 Ind. 497, 507, 96 N.E. 468, 472 (1911), is irrelevant to the trial court's determination.