# FOR PUBLICATION

APPELLANT PRO SE:

**J. MICHAEL KUMMERER**
Nashville, Indiana

ATTORNEY FOR APPELLEE:

**JOHN A. STROH**
Sharpnack, Bigley, Stroh & Washburn, LLP
Columbus, Indiana

FILED
Jul 26 2012, 9:14 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| J. MICHAEL KUMMERER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 03A01-1201-CT-33 |
| | ) | |
| C. RICHARD MARSHALL, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |
| | ) | |

APPEAL FROM THE BARTHOLOMEW SUPERIOR COURT
The Honorable Bruce A. MacTavish, Special Judge
Cause No. 03D02-1010-CT-927

**July 26, 2012**

**OPINION - FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

J. Michael Kummerer appeals the trial court's failure to award him prejudgment interest and its failure to grant his motion to correct errors. He contends that the decision to deny him prejudgment interest was contrary to law because contract damages could be determined by simple mathematical calculations. He also contends that the trial court abused its discretion in denying his motion to correct errors because the trial court did not make any findings of fact about whether damages were able to be determined by simple calculations before denying him prejudgment interest. Finding that prejudgment interest was not appropriate in this case because the trial court had to exercise its judgment in calculating damages, we affirm the trial court.

**Facts and Procedural History**

On April 11, 2007, Kummerer, an attorney, was arrested and charged with possession of cocaine and aiding, inducing, or causing dealing in cocaine. As a result, he was subject to a six-month disciplinary suspension from the practice of law and was required to transfer his open cases. Kummerer contracted with C. Richard Marshall before the effective date of his suspension to transfer to him all of his contingency-fee cases under the agreement that the parties would share equally in any fee recovered without a trial. Appellant's App. p. 25.

Marshall accepted four of Kummerer's cases; he settled three of them before trial and split the fee equally in those cases. The fourth case settled during mediation for $750,000.00. The parties agreed to a compromised fee with the client of $275,000.00. Marshall paid himself $125,000.00 of that fee and an additional $12,500.00 two weeks later.

After settlement, Marshall proposed a different contract fee split for the fourth case – 10% to Kummerer and 90% to Marshall. Marshall argued that paying Kummerer 50% of the fee would violate the proportionality provision of Rule 1.5 of the Rules of Professional Conduct that requires that a contingent fee division must be based on the apportionment of work actually done by each lawyer. Marshall argued that since he had done almost all of the work on the case, he should receive almost all the fee. *Id.* at 27. Marshall threatened suit under this proportionality rule if Kummerer did not renegotiate the contract. *Id.* Kummerer continued to demand payment of his equal share of the fee.

Marshall filed a complaint against Kummerer, alleging that he had been defrauded; he claimed Kummerer made a statement during negotiations that he had done "considerable," "significant," or "a lot" of work in the assigned case. *Id.* at 30. Marshall argued that this was an intentionally made false representation of fact that induced him to accept the case. Kummerer then made a request for findings of facts and conclusions of law. Meanwhile, Marshall moved to have the contested amount of $137,500.00 deposited with the Clerk of Bartholomew County so that it could earn interest. *Id.* at 19. Kummerer objected, and the trial court took the matter under advisement, but the funds were never deposited with the Clerk. *Id.* at 23-26, 28.

In making its findings of fact and entering its judgment based on those findings, the trial court found that there was no fraud present, and even if there were, Marshall's delay in acting equitably estopped him from bringing suit. *Id.* at 15. The trial court further specifically found that Kummerer's work on the case "justified the contract," *id.* at 17; it "was as represented in his Affidavit in this case and . . . was both adequate and appropriate." *Id.* at 19. The trial court found that under Rule 1.5 of the Rules of

3

Professional Conduct that the contract between the parties was a forecast allocation of fees, meaning that it must "reasonably forecast[] the amount and value of effort that each would expend." *Id.* at 16. After reviewing the work that Kummerer had completed before the contract was signed, the trial court found that the equal fee split was a reasonable forecast of the work that each attorney would perform on the case. *Id.*

Judgment was entered for Kummerer in the amount of $137,500.00, one-half of the recovered fee for the case, as was indicated in the contract and warranted by Rule 1.5 of the Rules of Professional Conduct. *Id.* at 23. However, the trial court denied any prejudgment interest on the recovered fee, as requested by Kummerer. *Id.* Kummerer filed a motion to correct errors, alleging that the trial court needed to make special findings regarding whether the contract damages were determined by simple mathematical calculations when making its decision to deny prejudgment interest; the trial court denied the motion.

Kummerer now appeals.

### Discussion and Decision

Kummerer raises two issues on appeal: (1) whether the trial court's denial of prejudgment interest is contrary to law and (2) whether the trial court abused its discretion in denying his motion to correct errors.

### I. Prejudgment Interest

Kummerer contends that the trial court's decision to deny him prejudgment interest is contrary to law. We disagree.

Since Kummerer did not prevail in receiving prejudgment interest at trial, he is appealing from a negative judgment. When a party appeals from a negative judgment, it

must demonstrate that the trial court's decision is contrary to law; that is, the evidence points unerringly to a conclusion different from that reached by the trial court. *Hopper Res., Inc. v. Webster*, 878 N.E.2d 418, 422 (Ind. Ct. App. 2007) (citing *Bennett v. Broderick*, 858 N.E.2d 1044, 1048 (Ind. Ct. App. 2006), *trans. denied*), *reh'g denied*, *trans. denied*.

Prejudgment interest is appropriate in a breach of contract action when "the amount of the claim rests upon a simple calculation and the terms of the contract make such a claim ascertainable." *Olcott Int'l & Co. v. Micro Data Base Sys., Inc.*, 793 N.E.2d 1063, 1078 (Ind. Ct. App. 2003), *trans. denied*. The award of prejudgment interest is considered proper when the trier of fact does not have to exercise judgment in order to assess the amount of damages. *Town of New Ross v. Feretti*, 815 N.E.2d 162, 170 (Ind. Ct. App. 2004) (citing *Noble Roman's, Inc. v. Ward*, 760 N.E.2d 1132, 1140 (Ind. Ct. App. 2002)). Examples of such cases where prejudgment interest is appropriate include those for breach of contract when the damages were principal payments made under a promissory note, *Tracy v. Morell*, 948 N.E.2d 855, 867 (Ind. Ct. App. 2011), the amount of a mechanics' lien for a contractor's unpaid bills for a remodeling project, *Hayes v. Chapman*, 894 N.E.2d 1047, 1054-55 (Ind. Ct. App. 2008), *trans. denied*, and an amount stipulated to at a damages hearing, *Noble Roman's, Inc.*, 760 N.E.2d at 1140. In all of these cases, the amount of damages was clear and did not require any interpretation or judgment on the part of the trier of fact.

However, in this case, attorneys' fees were at issue, a monetary amount that is governed by Rule 1.5 of the Rules of Professional Conduct and requires a reasonableness determination. Rule 1.5 states in relevant part:

(a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal services properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.

$$* \quad * \quad * \quad * \quad *$$

(e) A division of a fee between lawyers who are not in the same firm may be made only if:

> (1) the division is in proportion to the services performed by each lawyer or each lawyer assumes joint responsibility for the representation;
> (2) the client agrees to the agreement, including the share each lawyer will receive, and the agreement is confirmed in writing; and
> (3) the total fee is reasonable.

Therefore, under Rule 1.5 there are two different ways that a fee division is permissible between lawyers who are not in the same firm; either the fee is divided based on services performed or each lawyer assumes joint responsibility, meaning each can be held liable in a malpractice suit. If the fee is divided based on the services performed, the division must be reasonable, and the factors that are considered when determining reasonableness are outlined in Rule 1.5(a). Additionally, if attorneys decide to divide the fee based on services performed, there are two ways in which they may do so: (1) reasonably forecasting the amount of work each will do at the outset and allocating the

6

fee at the beginning of the representation and (2) splitting the fee after work on the case has finished to reasonably correspond to the amount of work each attorney has performed. *See* Restatement (Third) of Law Governing Lawyers (2000) § 47(c).

In this case, Kummerer and Marshall had a contract that allocated the fee between the two attorneys at the beginning of the representation. The trial court had to determine whether the two attorneys' forecast of the amount of work each would do was reasonable. This determination could not be made by looking at the face of the contract; rather, the trial judge had to consider the eight factors outlined in Rule 1.5(a) to determine whether the equal fee split outlined in this contract was reasonable. Although the court ultimately found that the forecast was reasonable, that determination necessarily involved the court's judgment in order to assess the damages. As a result, the trial court did not err in refusing to grant prejudgment interest.

Additionally, Indiana Code section 24-4.6-1-103, which governs prejudgment interest in contract cases, states that "[i]nterest at the rate of eight percent (8%) per annum shall be allowed: . . . (b) . . . for money had and received for the use of another and retained *without his consent*." (emphasis added). Here, however, the money was not retained without Kummerer's consent. By objecting to the money being placed in an account at the Bartholomew County Clerk's Office, Kummerer was consenting to Marshall retaining the money and placing it in his own IOLTA account. Kummerer had the opportunity to have the money placed in a third party's interest-bearing account but chose not to. Therefore, Marshall kept the money with Kummerer's consent, rendering Indiana Code section 24-4.6-1-103 inapplicable in this case.

The trial court's denial of prejudgment interest was therefore not contrary to law.

7

## II. Motion to Correct Errors

Kummerer also contends that the trial court abused its discretion in denying his motion to correct errors when the trial court failed to make special findings of fact in support of its denial of prejudgment interest. A trial court has considerable discretion to grant or deny motions to correct error. *Young v. Ind. Dep't of Natural Res.*, 789 N.E.2d 550, 554 (Ind. Ct. App. 2003), *trans. denied*. We review the trial court's ruling on a motion to correct errors for an abuse of discretion. *Id.*

Kummerer filed his motion to correct errors, claiming the trial court committed reversible error by failing to make Trial Rule 52 findings of facts when making its ruling denying prejudgment interest. Trial Rule 52 states in relevant part:

> (A) In the case of issues tried upon the facts without a jury . . . [u]pon its own motion, or the written request of any party filed with the court prior to the admission of evidence, the court . . . shall find the facts specially and state its conclusions thereon.

Kummerer made a request for findings of facts and conclusions of law, and the trial court made its findings and entered its judgment based on those findings. Kummerer contends, however, that the trial court's only finding regarding prejudgment interest was: "Prejudgment interest is hereby denied." Appellant's App. p. 23. He argues that in order to reach that conclusion, the trial court needed to make special findings regarding whether the contract damages were determined by simple mathematical calculations. Appellant's Br. p. 15. We disagree.

In the findings of fact, the trial court found that the parties decided to engage in a "forecast allocation" of the attorneys' fee. Appellant's App. p. 17. The trial court also specifically found that Kummerer's "work on the file was as represented in his Affidavit in

8

this case and . . . was both adequate and appropriate," *id.* at 19, and that "the contract has been found to be proportional based on the parties' reasonable <u>forecast</u> division of the fee under § 47 of the Restatement Third." *Id.* at 22. Therefore, the trial court did make specific findings of fact that the fee division was reasonable under Rule 1.5 for the circumstances of this case.

Because of these findings, it is clear that the trial court exercised its judgment in determining damages and that the calculations of those damages were not merely a simple mathematical evaluation. The findings of fact made by the trial court were therefore sufficient to support its denial of prejudgment interest.

The trial court did not err in denying Kummerer's motion to correct errors.

Affirmed.

CRONE, J., and BRADFORD, J., concur.